lalitha murthy v conair corporation, 00-2387

No. 1-02-0338

MARBLE EMPORIUM, INC.,   ) Appeal from the

   ) Circuit Court of

Plaintiff-Appellee,   ) Cook County.

   )

v.   ) 

   )

DEJAN L. VUKSANOVIC,   )

   )

Defendant-Appellant   ) No. 98 CH 01079

   )

(Richard E. Swin, Jr., First National Bank of   ) 

Chicago, Lehman Home Equity, Trust No.           )

1995-1, K&B Arts, Inc., Unknown Owners and      )

Unknown Lien Claimants,      ) Honorable

   ) Cyril Watson, 

Defendants).   ) Judge Presiding.

     
 JUSTICE REID delivered the opinion of the court:

The case involves a mechanic’s lien.  The trial court entered a default judgment against Dejan Vuksanovic but failed to include language of finality pursuant to Supreme Court Rule 304(a).  155 Ill. 2d R. 304(a).  Despite the entry of the default judgment, the complaint remained pending against another defendant for the next 3½ years.  The trial court permitted supplementary proceedings  pursuant to Supreme Court Rule 277 (134 Ill. 2d R. 277) and section 2-1402 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1402 (West 2000)).  The trial court eventually entered an order with Rule 304(a) language, but only after the supplementary proceedings had taken place.  For the reasons that follow, we reverse the decision of the trial court. 

BACKGROUND

Marble Emporium, Inc. (Marble Emporium), filed a complaint to foreclose a mechanic’s lien against Richard Swin, First National Bank of Chicago (First Bank), Lehman Home Equity, trust No. 1995-1 (Lehman), K&B Arts, Inc. (K&B), Vuksanovic, unknown owners and unknown lien claimants.  Marble Emporium is a masonry supplier and installer that supplied materials and services for the 155 Harbor Point Drive, Unit 5212 construction project (Project).  The complaint alleges that Swin is the owner of the property.  Swin authorized K&B to contract with others for construction services pertaining to the project.  Swin and K&B allegedly entered into several agreements.  When all the work was completed on January 26, 1996, Marble Emporium was owed $18,635 plus interest.  Marble Emporium claims that debt has never been paid.  Vuksanovic, as president of K&B, allegedly personally guaranteed collection of the $18,635.  The alleged personal guarantee amounts to Vuksanovic writing “I guarantee this statement personally.”  The statement to which Vuksanovic refers is an invoice stating that materials were sold to K&B Arts.  

The complaint contains a copy of the notice and claim for lien that was recorded with the Cook County recorder of deeds as document No. 97886094.  The notice and claim for lien name Swin, First Bank and unknown owners and nonrecord lien claimants, but do not name K&B or Vuksanovic as respondent.  First Bank and Lehman were properly served.   K&B, Swin and Vuksanovic were not served.  The trial court subsequently authorized a special process server to effect service on Swin, K&B, and Vuksanovic.

On April 6, 1998, Swin appeared through counsel and moved to dismiss on the grounds that Swin and Marble Emporium had entered into a release whereby Marble Emporium agreed to release Swin from any and all claims in exchange for the payment of $13,824.  On April 16, 1998, Marble Emporium moved for default judgment as to First Bank and Lehman as well as Vuksanovic, though he had not been served.  Vuksanovic filed a motion to quash, after which an allegedly improperly notarized proof of service surfaced.  The proof of service claims that Vuksanovic was personally served on March 14, 1998.  The document was signed by Joseph A. Tolomeo and contained a purported attestation by Tilia Tolomeo.  That signature was not properly notarized.  

On May 5, 1998, Swin filed a motion to dismiss claiming that Marble Emporium’s execution of a release in exchange for $13,824 and the simultaneous execution of a lien waiver mandated dismissal of the complaint.  Marble Emporium responded that the payment of $13,824 had never been made.  The trial court denied that motion to dismiss but approved a settlement four months later.  In that settlement order, Swin was to pay plaintiff $5,000 in full settlement of the claims made against him.  That order, entered December 14, 1998, did not contain Supreme Court Rule 304(a) language.  

A citation to discover Vuksanovic’s assets was filed on May 21, 1999.  Because Vuksanovic failed to appear, the trial court entertained a rule to show cause.  On July 22, 1999, the trial court continued the hearing on the rule to show cause to make time for Vuksanovic to be served.  

On August 5, 1999, Vuksanovic filed a special and limited appearance to challenge the trial court’s jurisdiction over him.  He claimed that, because he lived alone, it was impossible for substitute service to be effectuated.  When confronted with the purported affidavit of the special process server, Vuksanovic moved to strike it, arguing that the affidavit was neither properly notarized nor certified under the rules.  The trial court denied the motion to strike the Tolomeo affidavit and denied the motion to quash for lack of 
in
 
personam
 jurisdiction.  The trial court further granted Vuksanovic leave to file a motion to vacate a void judgment and to continue the citation to discover assets.  

The motion to vacate a void judgment claimed that the 1996 release between Swin and Marble Emporium extinguished the enforceability  of Vuksanovic’s alleged personal guarantee on the grounds that, under Illinois law, the discharge of the principal’s obligation ends the liability of the guarantor.  The motion also argued that the lien was filed against Swin and First Bank and not Vuksanovic. The trial court denied this motion.  

On October 24, 2001, Marble Emporium filed a motion for the turnover of a painting collection that was discovered during a second citation to discover assets.  Vuksanovic filed a motion to strike the motion to turn over the painting collection.  Vuksanovic argues that, pursuant to Supreme Court Rule 277(f), a citation proceeding automatically terminates six months from the date of (1) the respondent’s first personal appearance pursuant to the citation or (2) the respondent’s first personal appearance pursuant to subsequent process issued before the citation, whichever is sooner.  134 Ill. 2d R. 277(f).  Because the citation was filed on January 25, 2001, Vuksanovic argues that it terminated automatically on July 25, 2001.  Vuksanovic claims the trial court had no authority to enter any orders collateral to the citation examination.  Vuksanovic also claims that, because the trial court never made a Rule 304(a) finding, the case was still pending against K&B such that Marble Emporium could not execute on the judgment.  

On November 7, 2001, K&B filed a motion to dismiss the case against it.  This was based on K&B’s belief that no judgment had been entered against it and that no prosecution of the case against it had taken place for over three years.  By November 15, 2001, Swin had replaced Marble Emporium as the litigating party.  Swin moved for leave to voluntarily dismiss K&B and for a finding of finality pursuant to Rule 304(a) as to the trial court’s April 23, 1998, default judgment order.  This was premised on a claimed scrivener’s error whereby K&B was left out of the order along with the Rule 304(a) language.  

On November 20, 2001, Vuksanovic moved “for certain relief” in the nature of a motion for reconsideration of the motion for turnover of the painting collection.  The trial court ruled that Vuksanovic’s position was without merit.  On December 4, 2001, the trial court granted Swin’s motion to voluntarily dismiss K&B.  The order also denied Vuksanovic’s motion for certain relief, namely, the motion to strike the turnover motion and the motion to quash citation to third parties.  The trial court barred Vuksanovic from selling the paintings.  Execution of the turnover order was stayed.  On January 3, 2002, the trial court vacated its stay of execution of the order granting the turnover motion.

ANALYSIS

Proceedings Without Rule 304(a) Language

Vuksanovic argues that the absence of Rule 304(a) language means there was no final judgment to serve as the predicate for supplementary proceedings under Supreme Court Rule 277 and section 2-1402 of the Illinois Code of Civil Procedure.  Vuksanovic argues that under Rule 277,  supplementary proceedings are only available to a party when there is a judgment that is subject to enforcement.  Vuksanovic argues that this court must conclude that the supplementary proceedings in the case at bar, from the initial citation to discover assets filed on May 21, 1999, through the November 30, 2000, citation and the October 24, 2001, turnover order that was predicated upon it, were all void.  Vuksanovic’s premise, that supplementary proceedings can only be pursued after a judgment has been entered, means that the right to such proceedings only gets conferred on judgment creditors and judgment debtors.  735 ILCS 5/2-1402(a) (West 2000).  Vuksanovic urges this court to apply the plain meaning of the statute such that, without Rule 304(a) language, the judgment is unenforceable and unappealable.  According to Vuksanovic, the trial court was allowing a party to attempt to seize assets in enforcement proceedings on the basis of a judgment that could not be appealed under Rule 304(a).  Vuksanovic claims this court must reverse the two orders dated December 4, 2001.  Vuksanovic also argues that the belated addition of Rule 304(a) language does not retrospectively validate the supplementary proceedings because the proceedings were void at the time they were commenced.

Marble Emporium responds that determining that the supplementary proceedings against Vuksanovic were void because of the absence of Rule 304(a) language defies the principles of judicial economy.  If this court finds that the supplementary proceedings were void, the case would be remanded to the trial court and Swin would be able to initiate supplementary proceedings because there is now a Rule 304(a) finding in place.  Marble Emporium argues that Vuksanovic has failed to suggest the supplementary proceedings would have been any different had there been a Rule 304(a) finding in place prior to commencement.  Put another way, Marble Emporium claims any error occasioned by the omission of Rule 304(a) language is harmless.

Vuksanovic also claims that the motion for turnover of the artwork was also invalid because it occurred more than six months after Vuksanovic entered his first appearance pursuant to the initial citation.  His claim is based on the plain language of Supreme Court Rule 277(f). Vuksanovic claims that the trial court had no authority to enter orders collateral to the citation examination.

Marble Emporium responds that, although more than six months had elapsed after Vuksanovic appeared on the citation, Rule 277(f) grants the trial court the discretion to extend the time period when justice requires.  In this case, according to Marble Emporium, the trial court continued the turnover proceedings because justice required.  

Supreme Court Rule 304(a) reads as follows:

“(a) Judgments As To Fewer Than All Parties or Claims--Necessity for Special Finding.   If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both.  Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party.  The time for filing a notice of appeal shall be as provided in Rule 303.  In computing the time provided in Rule 303 for filing the notice of appeal, the entry of the required finding shall be treated as the date of the entry of final judgment.  
In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties.
”  (Emphasis Added.)  155 Ill. 2d R. 304(a).

Supreme Court Rule 277(a)  reads, in relevant part, as follows:

“A supplementary proceeding authorized by section 2-1402 of the Code of Civil Procedure  may be commenced at any time with respect to a judgment which is subject to enforcement.”  134 Ill. 2d R. 277(a).

Supreme Court Rule 277(f), dealing with the termination of a proceeding properly constituted under the whole of Rule 277,  reads as follows:

“A proceeding under this rule continues until terminated by motion of the judgment creditor, order of the court, or satisfaction of the judgment, but terminates automatically 6 months from the date of (1) the respondent's first personal appearance pursuant to the citation or (2) the respondent's first personal appearance pursuant to subsequent process issued to enforce the citation, whichever is sooner.  The court may, however, grant extensions beyond the 6 months, as justice may require.  Orders for the payment of money continue in effect notwithstanding the termination of the proceedings until the judgment is satisfied or the court orders otherwise.”  134 Ill. 2d R. 277(f).

“Rule 304(a) explicitly states that in the absence of such a finding by the trial court [that there is no just cause to delay enforcement or appeal], a judgment as to fewer than all parties or claims involved ‛is not enforceable.’ ”  
Bank of Matteson v. Brown
, 283 Ill. App. 3d 599, 603 (1996), quoting 155 Ill. 2d R. 304(a).  “Reviewing courts in Illinois have consistently dismissed appeals from orders that disposed of fewer than all the parties or claims yet lacked a finding that there was no just cause to delay enforcement or appeal.”  
Bank of Matteson
, 283 Ill. App. 3d at 603, citing 
Ferguson v. Riverside Medical Center
, 111 Ill. 2d 436 (1985); 
Pettie v. Williams Brothers Construction, Inc.
, 216 Ill. App. 3d 801 (1991); 
Hamer v. Lentz
, 155 Ill. App. 3d 692 (1987).  “‛[T]he absence of a Rule 304 finding in a judgment--for whatever reason – leaves the judgment final but unenforceable and unappealable.’ ”  
Bank of Matteson
, 283 Ill. App. 3d at 603, quoting 
Hamer
, 155 Ill. App. 3d at 695.  

Both Supreme Court Rule 277 and section 2-1402 of the Illinois Code of Civil Procedure require there to be a judgment before supplementary proceedings may be commenced.  Rule 277 mandates that “[a] supplementary proceeding authorized by section 2-1402 of the Code of Civil Procedure may be commenced at any time with respect to a judgment which is subject to enforcement.”  134 Ill. 2d R. 277(a).  Similarly, section 2-1402 authorizes that “[a] judgment creditor, or his or her successor in interest when that interest is made to appear of record, is entitled to prosecute supplementary proceedings for the purposes of examining the judgment debtor or any other person to discover assets or income of the debtor not exempt from the enforcement of the judgment, a deduction order or garnishment, and of compelling the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment.”  735 ILCS 5/2-1402(a) (West 2000).  Section 2-1402 proceedings are unavailable to creditors until after judgment capable of enforcement has first been entered in their favor.  
Bank of Matteson
, 283 Ill. App. 3d at 602, citing 
State Bank v. A Way, Inc.
, 135 Ill. App. 3d 1010 (1985), 
aff’d
, 115 Ill. 2d 401 (1987); 
Ericksen v. Rush-Presbyterian-St. Luke’s Medical Center
, 289 Ill. App. 3d 159, 166 (1997) (section 2-1402 “proceedings may be initiated only after the circuit court enters a judgment”).

In the present case, by application of the clear, unambiguous language of Supreme Court Rule 304(a), without an enforceable judgment to serve as a predicate, no supplementary proceedings may properly be held.  Here there was no enforceable and/or appealable judgment when the supplementary proceedings were commenced.  Under our reading of the relevant authority, the default judgment order entered by the trial court on April 23, 1998, did not confer the requisite enforceability or appealability necessary to legitimize the supplementary proceedings that were mistakenly allowed to take place.  This includes the motion to turn over the artwork that is also tied to the original order without the Rule 304(a) language.  The failure to give Rule 304(a) language is an infirmity that could not have been corrected by the subsequent entry of the December 4, 2001, order purporting to add the missing Rule 304(a) language. The trial court exceeded its statutory authority.  Even though it might seem wasteful in terms of judicial resources to make these parties return to the trial court and start again, that is the intention of the legislature as evidenced by the plain, unambiguous language of the applicable statutes and supreme court rules.  As to the termination language in Rule 277(f), it is unnecessary for us to discuss whether the trial court could have extended the time for supplementary proceedings when the trial court lacked authority to conduct the supplementary proceedings 
in toto
.  The jurisdictional prerequisite of an enforceable and appealable judgment dealing with whether a trial court can hold a supplementary proceeding trumps the procedural niceties of how that proceeding might be held and/or stopped.  To hold otherwise would violate the intent of the rules and would defy logic. 

Failure of the Complaint to State a Claim

In Vuksanovic's remaining argument, he argues that the first count of the complaint did not state a claim against him.  Because it failed to state a cause of action, Vuksanovic argues, the judgment was void.  He claims that a lien is only enforceable if the proceedings are commenced  within four months of the completion of the work.  He claims that the work at issue was completed on January 29, 1996, but the lien was not filed until November 26, 1997.  Vuksanovic claims that the filing period is a condition of liability and not merely a limitation on the remedy.  It is a statutory requirement intended to be strictly enforced.  Additionally, the mechanic’s lien complaint was filed against Swin, First Bank and Lehman, not Vuksanovic.  According to Vuksanovic, in the case of a guarantee of collection, the creditor must show that he has proceeded against the debtor with reasonable diligence or that such attempts would be fruitless.  Because Swin and Emporium failed to serve K&B with summons, ignored it as a defendant, then let years pass without attempting to prosecute their claim against K&B, they cannot claim diligence.  Consequently, no valid cause of action can be stated against Vuksanovic as a guarantor of the collection of a debt allegedly owed by K&B.  Vuksanovic further argues that the trial court never obtained 
in personam
 jurisdiction over him.  When he did go to court, Vuksanovic argues, it was by special and limited appearance.  

Marble Emporium responds that Vuksanovic’s argument that the default judgment against him is void because the complaint upon which it was based failed to state a cause of action is not properly before this court.  Nothing in the December 4, 2001, or January 3, 2002, order relates to allegations of a void judgment because the complaint fails to state a cause of action against Vuksanovic.  Because no ruling related to this issue is included in any of the orders to which the trial court added Rule 304(a) language, Marble Emporium urges this court not to consider it.  In the alternative, Marble Emporium argues that the complaint does state a cause of action.  Count I of that complaint alleges that Vuksanovic, as president of K&B, personally guaranteed payment of Marble Emporium’s invoice.  The complaint also alleges that he did not actually pay the debt.  Marble Emporium also responds that 
in personam
 jurisdiction was obtained by a special process server performing an alias summons.  Marble Emporium claims this issue is not properly before this court because the propriety of the alleged alias service was challenged below but the trial court denied the motion in a nonfinal and nonappealable order.  

It is undisputed that there was no valid service on K&B.  Marble Emporium failed to pursue K&B in any meaningful way.  During the course of proceedings, the decision was made to voluntarily dismiss K&B.  When the order was entered that dismissed K&B, the trial court specifically tied that order to the prior one.  It was in contemplation of the prior order that Vuksanovic argued the failure to state a claim against him.  Because of the unique factual posture in which we find ourselves, we can reach the issue now in order to fully resolve the issues raised in this appeal.

When the trial court granted the motion to voluntarily dismiss K&B, any obligation K&B might have had was discharged.  Because Vuksanovic’s obligations as guarantor were tied to K&B’s obligations, Vuksanovic was discharged as well.  “As a general rule discharge, satisfaction or extinction of the principal obligation, discharges the obligation of the guarantor.”  
Mazur v. Stein
, 314 Ill. App. 529, 532 (1942); 
Exchange National Bank of Chicago v. Bergman
, 153 Ill. App. 3d 470, 473 (1987), citing 
Du Quoin State Bank v. Daulby
, 115 Ill. App. 3d 183 (1983).  As a direct result of the dismissal of K&B, Marble Emporium can no longer state a claim against Vuksanovic.  

CONCLUSION

In light of the foregoing, the decision of the trial court is reversed.

Reversed.

 CAMPBELL, P.J., and QUINN, J., concur.