2018 IL App (1st) 170626

No. 1-17-0626

Order filed May 24, 2018

Fourth Division

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| PETER SMITH ELY, as Executor and Successor Trustee of the MSA Trust; THE MSB TRUST; THE CADE FAMILY TRUST; and THE MARY CADE SMITH TRUST; PETER SMITH ELY, as Successor Trustee of the Mary Cade Smith Declaration of Trust of 1985; PETER SMITH ELY; BRUCE GRAHAM ELY; SUSAN BURCH; KAREN ANDERSON DAVIS; STEVEN J. ANDERSON; and STANLEY G. CADE, | ) ) ) ) ) ) ) ) ) | |
| | ) | Appeal from the |
| | ) | Circuit Court of |
| | ) | Cook County |
| Plaintiffs-Appellants | ) ) | |
| v. | ) ) | |
| | ) | No. 15L8387 |
| RUTH PIVAR, DLA PIPER, LLP, UNGARETTI & HARRIS, QUARLES AND BRADY, LLP, ROBERT WILNEFF, CBIZ MHM, LLC, MAYER HOFFMAN MCCAIN, P.C., and WILLIAM PAUL ROGERS | ) ) ) ) ) | |
| Defendants | ) ) | Honorable |
| | ) | Brigid M. McGrath, |
| (Quarles and Brady, LLP, | ) | Judge Presiding. |
| | ) | |
| Defendant-Appellee). | ) ) ) | |

_____

PRESIDING JUSTICE BURKE delivered the judgment of the court, with opinion.
Justices McBride and Gordon concurred in the judgment and opinion.

**OPINION**

¶ 1     On August 17, 2015, plaintiffs filed a complaint in the circuit court of Cook County naming, among others, Ruth Pivar and Quarles and Brady, LLP (Quarles and Brady) as defendants. Quarles and Brady filed a motion to dismiss and, in response, plaintiffs filed an amended complaint. The allegations in plaintiffs' first amended complaint (FAC) related to five trusts that were created in 1966 by Wilmuth and Carroll Cade. Plaintiffs are the current executor of the trusts and the beneficiaries of at least one of the five trusts. Mary Cade Smith was an initial beneficiary of each of the five trusts. The gravamen of plaintiffs' first amended complaint relates to misconduct by Philip Rootberg, the initial trustee of the five trusts; Robert Wilneff, who became the trustee of the five trusts in 2001; Pivar, who was retained as counsel for the trusts in 2001; and Cade Smith. Plaintiffs alleged in the complaint that prior to Cade Smith's death in 2014, Wilneff, Pivar, Cade Smith, and defendant William Paul Rogers improperly disbursed the trusts' assets through promissory notes and gifts to Cade Smith. Plaintiffs contended that the entirety of the trusts' assets were disbursed to Cade Smith by 2009, before the other beneficiaries were ever informed of their beneficiary status.

¶ 2     Specifically, with regard to Pivar, plaintiffs contended, *inter alia*, that she failed to disclose the breaches of fiduciary duty by Rootberg and Wilneff, that she failed to advise the other trust beneficiaries of their beneficiary status, that she represented Cade Smith to the detriment of the trusts' other beneficiaries, and that she made false representations regarding the trusts in Cade Smith's will. Plaintiffs contended that Pivar joined Quarles and Brady in 2013, and that the law firm was, therefore, vicariously liable for her misconduct. As such, plaintiffs alleged claims of legal malpractice (count II), breach of fiduciary duty (count III), and conspiracy (count V) against Quarles and Brady.

¶ 3    Quarles and Brady filed a motion to dismiss the claims against it in plaintiffs' FAC pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2014)). The court granted that motion with prejudice with regard to plaintiffs' claim for legal malpractice, but without prejudice for plaintiffs' claims for breach of fiduciary duty and conspiracy. The court held, however, that plaintiffs would be required to seek leave of court before repleading its claims for breach of fiduciary duty and conspiracy against Quarles and Brady. Plaintiffs filed a motion for leave to amend the complaint, and attached a proposed second amended complaint (SAC), which included a single claim against Quarles and Brady for breach of fiduciary duty. The circuit court denied plaintiffs' motion for leave to amend, and found that there was "no just reason to delay enforcement or appeal of this order pursuant to Rule 304(a) [(Ill. S. Ct. R. 304 (eff. Mar. 8, 2016))]."

¶ 4    On appeal, plaintiffs contend that the court abused its discretion in denying their motion to file the amended claim against Quarles and Brady where the proposed SAC cured the defects of the prior pleading. Plaintiffs also contend that the court erred in granting Quarles and Brady's motion to dismiss the claims against it in the FAC. For the reasons that follow, we find that we lack jurisdiction to consider plaintiffs' claims regarding the dismissal of the FAC and the circuit court's order denying plaintiffs leave to file an amended complaint.

¶ 5                                    I. BACKGROUND

¶ 6                        A. Plaintiffs' First Amended Complaint[1]

¶ 7    In their FAC, plaintiffs contended that, in 1966, five trusts were created with Rootberg as the initial trustee. Cade Smith was named the initial beneficiary in each of the trusts. With the

---

[1]Because the issues on appeal concern only plaintiffs' FAC and SAC, we will not discuss plaintiffs' original complaint.

exception of one of the five trusts, each trust had at least one additional initial beneficiary. Plaintiffs asserted that by 1989, Cade Smith, with the assistance of Rootberg, began taking disbursements from the trusts without any notification to the other beneficiaries. Cade Smith continued receiving disbursements from the trust through 2001 when Rootberg retained Pivar as counsel. Plaintiff contended that, after being retained as counsel, Pivar knew that Cade Smith was receiving disbursements from the trusts, knew or should have known of the additional beneficiaries, and knew or should have known that the additional beneficiaries had not been informed of their beneficiary status. Despite this knowledge, Pivar did not notify any of the additional beneficiaries of Cade Smith's receipt of disbursements from the trusts or of their beneficiary status.

¶ 8    Later in 2001, Wilneff succeeded Rootberg as trustee. From 2003 to 2009, Cade Smith received more than $1.6 million from the trust. By 2009, the trusts' assets had been exhausted. During this period, neither Wilneff nor Pivar informed any of the other beneficiaries of their rights, or of Cade Smith's receipt of disbursements. In 2007, Pivar drafted a will for Cade Smith, which included an *in terrorem* clause, which excluded from the trusts any beneficiary who challenged the conduct of the trustees. Plaintiffs alleged that Pivar joined Quarles and Brady as "of counsel" in 2013. On May 1, 2014, Cade Smith passed away.

¶ 9    In their allegation for legal malpractice against Quarles and Brady, plaintiffs contended that Pivar—as an attorney for each of the five trusts and as an agent, employee, partner, or apparent agent of Quarles and Brady—had a duty to the beneficiaries. Plaintiffs contended that Pivar breached that duty by failing to disclose the breaches of fiduciary duty by Rootberg and Wilneff, failing to advise the additional beneficiaries of their beneficiary status under the trusts, putting the interests of herself and Quarles and Brady ahead of the interests of the additional

beneficiaries, and falsely claiming that the other initial beneficiaries knew of the trusts and their beneficiary status. Plaintiffs contended that one or more of these breaches "were made, and perpetuated through December 23, 2014, so as to fraudulently conceal from the beneficiaries" their causes of action relating to the breaches. Plaintiffs contended that as a "direct and proximate result" of Pivar's breach of duty as an agent of Quarles and Brady, the trusts and the beneficiaries had been deprived the benefits of their status in an amount in excess of $2.8 million.

¶ 10     In contending that Quarles and Brady breached its fiduciary duty, plaintiffs contended that Pivar—as attorney for each of the five trusts and an agent or employee of Quarles and Brady—owed a fiduciary duty to the trusts and the intended beneficiaries. Plaintiffs contended that Pivar drafted a will for Cade Smith that included an *in terrorem* clause, which dissuaded the beneficiaries from challenging the actions of the trustees and also treated any beneficiary who did raise a challenge as having predeceased Cade Smith, which was a breach of her fiduciary duty.

¶ 11     Finally, plaintiffs alleged a count of conspiracy, contending that all defendants worked in concert to conceal from plaintiffs that they were the beneficiaries of the trusts and had a right to disbursements therefrom. Plaintiffs contended that Rogers, Pivar, and Wilneff discussed and agreed upon a course of conduct to conceal their improper disbursements to protect defendants from liability. Plaintiffs contended that Pivar knowingly acted in furtherance of that agreement by failing to disclose Rootberg's breach of fiduciary duty, failing to disclose Wilneff's breach of fiduciary duty, failing to advise the additional beneficiaries of their status as beneficiaries, falsely claiming that the other initial beneficiaries knew about the trusts, and failing to notify the additional beneficiaries after Cade Smith's death about the will and trusts. Plaintiffs contended

that defendants undertook these illegal acts in furtherance of their conspiracy to conceal their wrongdoing from plaintiffs.

¶ 12                    B. Quarles And Brady Motion to Dismiss

¶ 13    Quarles and Brady filed a motion to dismiss plaintiffs' complaint pursuant to section 2-615 of the Code. Quarles and Brady contended that plaintiffs failed to sufficiently allege facts establishing that an attorney-client relationship existed to support plaintiffs' claim for legal malpractice. Quarles and Brady contended that plaintiffs' complaint alleged that Pivar did not join Quarles and Brady until 2013, years after any of the alleged misconduct took place. Quarles and Brady asserted that, in any event, Pivar's representation of the trusts did not create an attorney-client relationship between her and the trusts' beneficiaries. Quarles and Brady further contended that there were no facts alleging that any plaintiff had established an attorney-client relationship with the firm.

¶ 14    Quarles and Brady also contended that plaintiffs' claim for legal malpractice should be dismissed because plaintiffs failed to allege facts of any conduct by Pivar that breached a duty to plaintiffs after she joined Quarles and Brady in 2013. Quarles and Brady noted that plaintiffs sought to hold Quarles and Brady vicariously liable for Pivar's conduct because she was an agent of the firm, but plaintiffs failed to allege any conduct by Pivar that breached any duty after she joined the firm. Quarles and Brady finally contended that the court should dismiss plaintiffs' claim for legal malpractice because plaintiffs failed to plead any facts showing that Pivar's conduct after she joined Quarles and Brady proximately caused plaintiffs any harm. Quarles and Brady noted that plaintiffs contended that Pivar's misconduct took place between 2003 and 2009, and thus, any injury took place at least four years prior to Pivar joining Quarles and Brady.

¶ 15   Quarles and Brady further contended that plaintiffs' claim for breach of fiduciary duty should be dismissed because it was duplicative of the allegations raised in support of the claim for legal malpractice. Quarles and Brady asserted that both claims relied on the same set of operative facts and, in such a case, the claim for breach of fiduciary duty should be dismissed.

¶ 16   Finally, Quarles and Brady contended that plaintiffs failed to properly allege a claim for conspiracy against Quarles and Brady. Quarles and Brady asserted that under Illinois law, a conspiracy cannot exist between a principal and its agent. Quarles and Brady also asserted that plaintiffs failed to allege specific facts in support of its claim for civil conspiracy. Quarles and Brady contended that plaintiffs failed to allege any facts suggesting that any of the coconspirators agreed to commit a wrongful or unlawful act. Quarles and Brady contended that the circuit court should, therefore, dismiss plaintiffs' claims against Quarles and Brady.

¶ 17                              C. The Circuit Court's Ruling

¶ 18   After a hearing on June 21, 2016, the court dismissed plaintiffs' claim for legal malpractice against Quarles and Brady with prejudice. The court dismissed without prejudice plaintiffs' claims for breach of fiduciary duty and conspiracy, but held that plaintiffs must seek leave of court before refiling those claims.

¶ 19                          D. Plaintiffs' Second Amended Complaint

¶ 20   Following the circuit court's ruling, plaintiffs filed a motion for leave to amend the complaint, and attached a proposed SAC. In the proposed SAC, plaintiffs realleged several of their claims against the other defendants, but asserted a single claim against Quarles and Brady for breach of fiduciary duty. Plaintiffs contended that as an attorney of the trusts, Pivar—an agent, employee, partner, or apparent agent of Quarles and Brady—owed a fiduciary duty to the trusts and the intended beneficiaries of those trusts. Plaintiffs asserted that Pivar breached her

fiduciary duty by failing disclose the prior breaches of fiduciary duty by Rootberg and Wilneff, putting her interests and the interests of Quarles and Brady ahead of the interests of the plaintiffs, and failing to notify the beneficiaries after Cade Smith's death of her will and the trusts. Plaintiffs maintained that "one or more" of these breaches were made "and perpetuated through December 23, 2014," so as to fraudulently conceal from the trusts' beneficiaries that they had a cause of action against Wilneff, Rootberg, and the other defendants.

¶ 21    E. Quarles and Brady's Response to Plaintiffs' Motion for Leave to Amend

¶ 22    Quarles and Brady filed a response to plaintiffs' motion for leave to amend in which it contended that plaintiff had failed to state of cause of action demonstrating that Quarles and Brady was vicariously liable for the actions of Pivar, its former agent. Quarles and Brady asserted that plaintiffs' claim for breach of fiduciary duty in the SAC merely restated the same allegations contained in plaintiffs' claim for legal malpractice in the FAC. Quarles and Brady also contended that plaintiffs failed to allege any new facts to demonstrate that Pivar's conduct while employed by Quarles and Brady proximately caused them any harm. Quarles and Brady noted that all of the factual allegations supporting this claim occurred years before Pivar was associated with Quarles and Brady.

¶ 23    F. The Circuit Court's Ruling

¶ 24    After a hearing on February 6, 2017, the court denied plaintiffs' motion for leave to amend and found that there was "no just reason to delay enforcement or appeal of this order pursuant to Rule 304(a)." Plaintiffs now appeal.

¶ 25    II. ANALYSIS

¶ 26    On appeal, plaintiffs contend that the circuit court abused its discretion in denying them leave to file the amended complaint against Quarles and Brady. Plaintiffs assert that the amended

count directly addressed the court's dismissal for failure to state a claim, by alleging the necessary elements for a breach of fiduciary duty. In the alternative, plaintiffs contend that the court erred in granting Quarles and Brady motion to dismiss the FAC. Plaintiffs maintain that the allegations in the FAC properly stated a cause of action against Quarles and Brady and had sufficient factual support.

¶ 27                                    A. Jurisdiction

¶ 28    Initially, we observe that Quarles and Brady contends that we lack the jurisdiction to consider this appeal. Quarles and Brady asserts that we lack jurisdiction to review the court's order of February 6, 2017, denying plaintiffs leave to file an amended claim for breach of fiduciary duty, because an order denying leave to amend is not a final judgment conferring this court with jurisdiction to review the order under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). Quarles and Brady also asserts that we lack jurisdiction to review the circuit court's order of June 21, 2016, granting its motion to dismiss plaintiff's FAC because the court did not enter a Rule 304(a) finding to make the order appealable. Quarles and Brady maintains that we cannot review the dismissal of the claim for legal malpractice even though it was dismissed with prejudice because there was no specific Rule 304(a) finding. Quarles and Brady also maintains that we may not review the dismissal of the plaintiffs claims for conspiracy or breach of fiduciary duty because those claims were dismissed without prejudice, which is not a final judgment, and there was no Rule 304(a) finding.

¶ 29                         1. *Illinois Supreme Court Rule 304(a)*

¶ 30    Generally, an appeal may be taken only after the circuit court has resolved all claims against all parties to a cause of action. *State Farm Fire & Casualty Co. v. John J. Rickhoff Sheet Metal Co.*, 394 Ill. App. 3d 548, 556 (2009). However, Rule 304(a) governs appeals from final

judgments that do not dispose of the entire proceeding in matters where there are multiple parties or claims. *Matson v. Department of Human Rights*, 322 Ill. App. 3d 932, 937 (2001). Under Rule 304(a):

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

Rule 304(a) is intended to permit an appeal to be taken before the final disposition of the case only where the circuit court considers immediate appeal appropriate. *Matson*, 322 Ill. App. 3d at 937. The decision to enter a Rule 304(a) finding is within the discretion of the trial court. *Fremont Compensation Insurance Co. v. Ace-Chicago Great Dane Corp.*, 304 Ill. App. 3d 734, 740 (1999).

¶ 31                    2. *Circuit Court's Order Dismissing FAC*

¶ 32     We first address whether we have jurisdiction to consider plaintiffs' claims regarding the court's order of June 21, 2016, granting Quarles and Brady's motion to dismiss the claims against it in the FAC. In granting Quarles and Brady's motion, the court dismissed plaintiffs' legal malpractice claim with prejudice, but dismissed without prejudice plaintiffs' claims for breach of fiduciary duty and conspiracy. The court stated that plaintiffs would have to seek leave of court before attempting to replead these claims. Plaintiffs FAC consisted of several other

claims and parties that were not addressed in Quarles and Brady's motion. The court's judgment, therefore, disposed of some of the claims in an action involving multiple parties and claims, but did not dispose of all the claims. Thus, Rule 304(a) was applicable, but the court did not enter the judgment with a specific Rule 304(a) finding. "In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). Requiring the circuit court to make a specific Rule 304(a) finding "allows a circuit court to limit piecemeal appeals yet still allow early appeals when, in its discretion, doing so 'would have the effect of expediting the resolution of the controversy, would be fair to the parties, and would conserve judicial resources.' " *Palmolive Tower Condominiums, LLC v. Simon*, 409 Ill. App. 3d 539, 544 (2011) (quoting *Matson*, 322 Ill. App. 3d at 938).

¶ 33 We find *Paul H. Schwendener, Inc. v. Jupiter Electric Co.*, 358 Ill. App. 3d 65 (2005), cited by Quarles and Brady, instructive on the issue before us. In *Jupiter*, plaintiff Schwendener filed an action against Jupiter Electric Company and other defendants regarding Jupiter's failure to perform on two construction contracts. *Id.* at 68. "During the course of litigation, the trial court entered several orders dismissing various counts of Schwendener's first, third, and fourth amended complaints pursuant to section 2-615 of the Code *** (735 ILCS 5/2-615 (West 1998)), granting summary judgment on count VI of its fifth amended complaint, and denying Schwendener leave to file certain counts of the fifth amended complaint." *Jupiter*, 358 Ill. App. 3d at 68. In the circuit court's final order of the trial, the court found that there was no just reason to delay enforcement or appeal of its orders pursuant to Rule 304(a). *Id.* at 70. On appeal, Schwendener sought review of counts from his complaints that were dismissed without prejudice and later repled in subsequent complaints. *Id.* at 73. This court found that it lacked jurisdiction to

consider these contentions because an order dismissing an action "without prejudice" is not a final judgment subject to appeal under Rule 304(a). *Id.* The court's decision was not altered by the fact that the circuit court included Rule 304(a) language in its order. *Id.*

¶ 34    Here, the circuit court dismissed plaintiffs' claim for breach of fiduciary duty without prejudice and granted plaintiffs the opportunity to replead that count with leave of court. The court did not include Rule 304(a) language in its order dismissing the count in plaintiffs' FAC. Thus, this was not an appealable order pursuant to Rule 304(a). *Id.*; Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). Although plaintiffs later sought to replead this count in their SAC amended complaint, as this court found in *Jupiter*, we lack jurisdiction to consider counts dismissed without prejudice in previous complaints even where those counts are later repled in subsequent complaints. Jupiter, 358 Ill. App. 3d at 73.

¶ 35    Similarly, the circuit court dismissed plaintiffs' claim for conspiracy without prejudice, and granted plaintiffs the opportunity to replead that count with leave of court. As discussed, this dismissal did not include a Rule 304(a) finding and was without prejudice. Accordingly, this was not an appealable order pursuant to Rule 304(a). *Id.*; Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). Thus, the court's orders dismissing plaintiffs' claims for breach of fiduciary duty and conspiracy were not final orders subject to Rule 304(a), and we lack jurisdiction to consider plaintiffs' arguments regarding those counts on appeal. *Jupiter*, 358 Ill. App. 3d at 82 (citing *Branch v. European Autohaus, Ltd.*, 97 Ill. App. 3d 949, 952 (1981)).

¶ 36    Although the court dismissed plaintiffs' count for legal malpractice with prejudice, which is a final order, the court did not enter the requisite Rule 304(a) finding making the dismissal of that count final and appealable. *Id.* "Reviewing courts in Illinois have consistently dismissed appeals from orders that disposed of fewer than all the parties or claims yet lacked a finding that

there was no just reason to delay enforcement or appeal" in accordance with Rule 304(a). *Bank of Matteson v. Brown*, 283 Ill. App. 3d 599, 603 (1996). " '[T]he absence of a Rule 304 finding in a judgment—for whatever reason—leaves the judgment final but unenforceable and unappealable.' " (Internal quotation marks omitted.) *Marble Emporium, Inc. v. Vuksanovic*, 339 Ill. App. 3d 84, 90 (2003) (quoting *Bank of Matteson*, 283 Ill. App. 3d at 603).

¶ 37    The fact that the trial court entered a Rule 304(a) finding on the order entered on February 6, 2017, denying plaintiffs' leave to amend, does not alter our decision. *D'Attomo v. Baumbeck*, 2015 IL App (2d) 140865, ¶ 27; see also *Marble Emporium*, 339 Ill. App. 3d at 91 (holding that the appellate court lacked jurisdiction under Rule 304(a) where the circuit court's order did not include Rule 304(a) language even where the court subsequently entered an order "purporting to add the missing Rule 304(a) language"); *Jupiter*, 358 Ill. App. 3d at 82 (finding that where the circuit court's initial order, dismissing some counts of the complaint with prejudice and other counts of the complaint without prejudice with leave to amend, did not include Rule 304(a) language, the court's subsequent order denying leave to amend, which did include Rule 304(a) language, did not confer jurisdiction to review the initial order). Thus, we find that we lack jurisdiction to consider plaintiffs' contentions regarding the court's order of June 21, 2016, granting Quarles and Brady's motion to dismiss the FAC.

¶ 38               3. *Circuit Court's Order Denying Leave to Amend*

¶ 39    We next address whether we have jurisdiction to review the court's order of February 6, 2017, denying plaintiffs leave to amend the FAC. Under the Code, the trial court may allow amendments to the pleadings at "any time before final judgment *** on just and reasonable terms *** in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to

be brought." 735 ILCS 5/2-616 (West 2014). Here, in denying plaintiffs leave to file a second amended complaint, the court found that there was "no just reason to delay enforcement or appeal of this order pursuant to Rule 304(a)." An order or judgment is considered to be final and appealable for purposes of Rule 304(a) if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either with respect to the entire controversy or a separate part thereof. *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 23. Ordinarily, however, an order denying leave to file an amended complaint does not constitute a final judgment. *Jupiter*, 358 Ill. App. 3d at 82; see also *Gray v. Starkey*, 41 Ill. App. 3d 555, 558 (1976) ("Trial orders allowing [citation] or denying [citation] leave to file an amended pleading are not final judgments.").

¶ 40    This is the case even where the circuit court makes a specific Rule 304(a) finding, as the court did in this case. *Jupiter*, 358 Ill. App. 3d at 82; *Enblom v. Milwaukee Golf Development*, 227 Ill. App. 3d 623, 627-28 (1992) ("Were this matter before us solely on the question of the propriety of the denial of leave to file an amended third-party complaint, we would be without jurisdiction since such a denial would not constitute a 'final judgment as to one or more but fewer than all of the parties or claims' [citation], notwithstanding the [Rule] 304(a) language in the order."); see also *Cinch Manufacturing Co. v. Rosewell*, 255 Ill. App. 3d 37, 42 (1993) ("[h]owever, the denial of a motion to file an amended tax objection is not final and an appeal from such an order must be dismissed" despite the circuit court's Rule 304(a) finding). In other words, a court's Rule 304(a) finding cannot transform a nonfinal and nonappealable judgment into final and appealable one for purposes of Rule 304(a), merely by use of the operative finding.

¶ 41    As the court recognized in *Jupiter*, however, if we find that we have jurisdiction over the trial court's underlying order dismissing the counts which were sought to be amended, we may review the order denying leave to file with respect to those counts. *Jupiter*, 358 Ill. App. 3d at 82

(citing *Enblom*, 227 Ill. App. 3d at 628). As discussed above, however, we do not have jurisdiction to consider the trial court's underlying order dismissing the counts which were sought to be amended. Thus, we lack jurisdiction to consider this appeal.

¶ 42    Plaintiffs contend, however, that Quarles and Brady should be estopped from asserting that this court lacks jurisdiction on this basis because Quarles and Brady asked the circuit court to enter a Rule 304(a) finding. As the record shows, during the hearing on plaintiffs' motion for leave to amend, Quarles and Brady's counsel asked the court to deny the motion and "grant us 304(a) language." The court denied plaintiffs' motion and stated "304(a) language," and included the necessary Rule 304(a) language in its written order. Despite this request at the proceeding, Quarles and Brady now contends that the court's Rule 304(a) language was in error, and does not confer jurisdiction on this court. Plaintiffs contend, however, that Quarles and Brady's challenge to this ruling should be waived under the doctrine of invited error.

¶ 43    Under the doctrine of invited error, "a party cannot complain of error which that party induced the court to make or to which that party consented." *In re Detention of Swope*, 213 Ill. 2d 210, 217 (2004). The rule of invited error is a form of procedural default "sometimes described as estoppel." However, it is well-settled that appellate jurisdiction cannot be conferred by "laches, agreement, waiver or estoppel." (Emphasis omitted.) *Bernstein & Grazian, P.C. v. Grazian & Volpe, P.C.*, 402 Ill. App. 3d 961, 971 (2010) (citing *Physicians Insurance Exchange v. Jennings*, 316 Ill. App. 3d 443, 453 (2000)). Accordingly, we find that we do not have jurisdiction to consider plaintiffs' appeal.

¶ 44                                III. CONCLUSION

¶ 45    For the reasons stated, this appeal is dismissed.

¶ 46    Appeal dismissed.