2024 IL App (1st) 240784-U

Date Filed: October 3, 2024

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| CYNETRIA WATKINS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| GUARANTEED RATE AFFINITY, LLC, | ) | |
| GUARANTEED RATE, INC., and | ) | No. 23 L 7723 |
| ANYWHERE REAL ESTATE, INC., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| (Guaranteed Rate Affinity, LLC and | ) | |
| Guaranteed Rate, Inc., | ) | Honorable |
| | ) | Jerry A. Esrig, |
| Defendants-Appellees). | ) | Judge, presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford and Justice Ocasio concurred in the judgment.

**ORDER**

¶ 1     *Held*:  We lack jurisdiction where the order from which appellant appeals is not a final and appealable order.

Date Filed:  October 3, 2024

¶ 2     *Pro se* appellant Cynetria Watkins appeals from the trial court's order dismissing, with prejudice, one count of her *pro se* complaint against defendants Guaranteed Rate Affinity, LLC, Guaranteed Rate, Inc., and Anywhere Real Estate, Inc. On appeal, Watkins contends that the trial court erred when it dismissed the count, which alleged a violation of the Real Estate Appraiser Licensing Act of 2002 (Act) (225 ILCS 458/1-1 *et seq.* (West 2022)). We dismiss for lack of jurisdiction.

¶ 3     The record on appeal does not contain a report of proceedings. The following facts are gleaned from the common law record, which contains, relevant here, Watkins' *pro se* complaint and amended complaints, Guaranteed Rate Affinity, LLC's motion to dismiss, and the trial court's dismissal order. We relate only those facts relevant to the issue on appeal.

¶ 4     On August 3, 2023, Watkins filed a *pro se* complaint against defendants in the circuit court, alleging deceptive practices in connection with the appraisal of a property in the 7900 block of South Champlain Avenue in Chicago. Watkins claimed, in relevant part, that she attempted to obtain a loan for the property from Guaranteed Rate Affinity, LLC, and that the appraiser retained by defendants reported an "inflated" value for the property above the selling price. Watkins further contended that the appraiser was previously disciplined multiple times by the Illinois Department of Financial and Professional Regulation.

¶ 5     The six-count complaint alleged breach of contract, negligence, and violations of federal and state laws, and sought $390,000 in damages. Relevant here, count II alleged Guaranteed Rate Affinity, LLC and its employees violated the Act by hiring an appraiser with a history of disciplinary actions related to his appraisal work.

Date Filed: October 3, 2024

¶ 6    On November 11, 2023, defendant Guaranteed Rate Affinity, LLC filed a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2022)). The motion alleged, *inter alia*, that the Act did not allow for a private right of action. See 225 ILCS 458/25-35 (West 2022) ("nothing in this Act shall be construed to grant to any person a private right of action to enforce the provisions of this Act or the rules adopted under this Act"). The motion concluded that because Watkins could not state a claim under the Act, count II of the complaint should be dismissed with prejudice.

¶ 7    On March 13, 2024, following a hearing, the trial court dismissed five counts of the complaint without prejudice and granted Watkins 28 days to refile those claims. The court dismissed count II of the complaint, which alleged the violation of the Act, with prejudice. The case was set for a status hearing on April 17, 2024.

¶ 8    On April 9, 2024, Watkins filed a *pro se* amended complaint.

¶ 9    On April 10, 2024, Watkins filed a *pro se* notice of appeal from the trial court's March 13, 2024, order dismissing count II of the complaint with prejudice.

¶ 10   On appeal, Watkins contends that the trial court erred in dismissing count II of her complaint when it alleged a violation of the Act and contained "sufficient" factual allegations supporting her claim that Guaranteed Rate Affinity, LLC hired an appraiser with a documented history of fraudulent appraisal practices.

¶ 11   As an initial matter, we must consider our jurisdiction. See *In re Marriage of Morgan*, 2019 IL App (3d) 180560, ¶ 9. Guaranteed Rate Affinity, LLC and Guaranteed Rate, Inc. contend that we lack jurisdiction to consider this appeal because the trial court's March 13, 2024, order dismissing count II of the complaint with prejudice did not contain a finding pursuant to Illinois

Date Filed: October 3, 2024

Supreme Court Rule 304(a) (eff. Mar. 8, 2016). Guaranteed Rate Affinity, LLC and Guaranteed Rate, Inc. note that the remaining counts of the complaint were dismissed without prejudice, Watkins received leave to refile her complaint, which she did, and that litigation is ongoing.

¶ 12    Pursuant to Illinois Supreme Court Rule 301, "[e]very final judgment of a circuit court in a civil case is appealable as of right." Ill. S. Ct. R. 301 (eff. Feb. 1, 1994) A judgment or order is " 'final' " when "it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy." *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502 (1997). Thus, a final and appealable order terminates the litigation between the parties on the merits such that, if affirmed, the trial court need only execute the judgment. *Kellerman v. Crowe*, 119 Ill. 2d 111, 115 (1987).

¶ 13    Although the dismissal of a claim in a complaint with prejudice is usually a final judgment, "such an order is not always immediately appealable." See *Gateway Auto, Inc. v. Commercial Pallet, Inc.*, 2023 IL App (1st) 230185, ¶ 24. A dismissal entered without prejudice, on the other hand, signals that there has been no final decision on the merits (*Ward v. Decatur Memorial Hospital*, 2019 IL 123937, ¶¶ 48-49) and is generally nonfinal and not appealable (*Prate Roofing & Installations, LLC v. Liberty Mutual Insurance Corp.*, 2022 IL App (1st) 191842-B, ¶ 49).

¶ 14    Generally, an appeal may be taken only after the trial court has resolved all claims against all parties to a cause of action. *Ely v. Pivar*, 2018 IL App (1st) 170626, ¶ 30. However, pursuant to Rule 304(a):

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason

- 4 -

for delaying either enforcement or appeal or both. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

¶ 15    Thus, a Rule 304(a) finding makes a final order appealable although pending claims or parties remain. See *id.* "If an order does not resolve every right, liability or matter raised, it must contain an express finding that there is no just reason for delaying an appeal." *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 465 (1990). Otherwise, it is not appealable. *Id.*

¶ 16    Here, the trial court's March 13, 2024, order did not dispose of all claims by all parties such that Rule 301 would vest this court with jurisdiction. The dismissal of count II with prejudice was a final order. See *Gateway Auto, Inc.*, 2023 IL App (1st) 230185, ¶ 24. However, the dismissal of the remaining counts without prejudice and with leave to replead signaled no final decision on the merits of those claims. See *Ward*, 2019 IL 123937, ¶ 48 (quoting *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 25 (" '[a]n order that dismisses the counts of a complaint, but grants the plaintiff leave to amend, is not "final" because the order does not terminate the litigation between the parties' ")). In other words, the trial court's order did not contain final decisions as to all counts in the complaint.

¶ 17    Absent a Rule 304(a) finding, a final order disposing of fewer than all of the claims in an action is not "instantly appealable." *Dubina*, 178 Ill. 2d at 502-03; see also *People ex. rel. Ryan v. Rude Way Enterprises, Inc.*, 326 Ill. App. 3d 959, 961 (2001) (while the trial court's order dismissing three counts of a complaint with prejudice was a final order, absent a Rule 304(a)

finding, the order was not "immediately appealable" until the remaining count was resolved). In the case at bar, although the dismissal of count II with prejudice was a final order, because the trial court did not enter a Rule 304(a) finding, it was not "immediately appealable." See *Gateway Auto, Inc.*, 2023 IL App (1st) 230185, ¶ 24.

¶ 18    Watkins contends that this court has jurisdiction pursuant to the "collateral order doctrine" established by *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). In that case, the Supreme Court held that there is a "small class [of orders] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546-47.

¶ 19    However, "Illinois has not adopted the federal collateral-order doctrine." See *Hadley v. Doe*, 2014 IL App (2d) 130489, ¶ 66, *aff'd and remanded*, 2015 IL 118000; see also *Stein v. Krislov*, 405 Ill. App. 3d 538, 544 (2010) ("It is beyond our authority to adopt the federal collateral order doctrine where no such doctrine exists under Illinois law and no Illinois courts have done so in the 60 years since the doctrine was pronounced.").

¶ 20    Accordingly, because the trial court's dismissal of count II of the complaint with prejudice was not a final and appealable order, this court lacks jurisdiction to review it, and the instant appeal must be dismissed.

¶ 21    Appeal dismissed.