2026 IL App (1st) 241861-U

FIRST DISTRICT
SECOND DIVISION
March 31, 2026

No. 1-24-1861

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| JAMES DUNNE, | ) | |
| | ) | Appeal from the Circuit Court |
| Plaintiff-Appellant, | ) | of Cook County, Illinois |
| | ) | |
| vs. | ) | No. 2023 L 7243 |
| | ) | |
| OP2MIZE ENERGY LLC, OP2MIZE LLC, and | ) | Hon. Eve M. Reilly, |
| GEOFFREY KASSELMAN, | ) | Judge Presiding |
| | ) | |
| Defendants-Appellees. | ) | |

_____

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Van Tine and Justice D.B. Walker in the judgment.

**ORDER**

¶ 1     *Held*: Appeal dismissed. Dismissal of count was final judgment but was not appealable absent proper Rule 304(a) findings.

¶ 2     Plaintiff James Dunne was hired as an independent contractor to perform commissioned sales work for defendant, a company that sells gas and electricity products. When defendant allegedly refused to pay plaintiff commissions to which he was entitled, he sued defendant and related entities and individuals. (The details are irrelevant to our disposition.) Count 3 of the first amended complaint alleged a violation of the Illinois Sales Representative Act, 820 ILCS 120/0.01, *et seq.* (West 2024).

¶ 3     Defendants moved to dismiss all counts. The circuit court dismissed count 3 with

prejudice but did not dismiss counts 1 or 2 and dismissed counts 4, 5, and 6 in part. The order entered by the court did not contain any language required by Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) to file an interlocutory appeal.

¶ 4    Plaintiff wanted to immediately appeal the dismissal of counts 3 and 6, so he asked for that Rule 304(a) language in a subsequent order. He filed a written "Motion for leave to file interlocutory appeal pursuant to Illinois Supreme Court Rule 304(a)." In his prayer for relief, he asked for an order "making an express written finding that there is no just reason for delaying appeal of the Court's August 8, 2024 Order dismissing with prejudice Counts III and VI" of the amended complaint.

¶ 5    The court granted the motion, but its order did not contain the Rule 304(a) findings that plaintiff recited in his prayer for relief. The order, drafted by plaintiff's counsel, read: "Plaintiff's Motion for Leave to File Interlocutory Appeal is granted only as to Count III, Plaintiff's Illinois Sales Representative Act claim."

¶ 6    As we explain below, we agree with defendants that this language is insufficient to confer appellate jurisdiction. We thus dismiss the appeal.

¶ 7    Subject to exceptions not relevant here, a party may appeal a judgment only after the circuit court has resolved all claims against all parties in a lawsuit. Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016); *Ely v. Pivar*, 2018 IL App (1st) 170626, ¶ 30. A party may appeal a final judgment as to one but not all claims, or as to one but not all parties, "only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016); see *Ely*, 2018 IL App (1st) 170626, ¶ 30; *In re Estate of Cerami*, 2018 IL App (1st) 172073, ¶ 32.

¶ 8    Plaintiff here recognized as much. When the initial order dismissing count 3 with

prejudice did not contain the express language quoted above from Rule 304(a), he asked the court for that language. He was perfectly within his rights to do so. See Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016) (express finding "may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party.").

¶ 9 Unfortunately, the court order that counsel drafted did not contain the express finding required by Rule 304(a)—"that there is no just reason for delaying either enforcement or appeal or both" of that final judgment. *Id*.

¶ 10 It is essential that the court's language indicate that there is no just reason to delay enforcement of or appeal from the order in question. It is not enough that the order characterizes itself as "final and appealable." *Shelter Mutual Insurance Co. v. Flynn*, 2020 IL App (1st) 191123, ¶ 35; *In re Marriage of Sanchez and Sanchez-Ortega*, 2018 IL App (1st) 171075, ¶ 27; *Shared Imaging, LLC v. Hamer*, 2017 IL App (1st) 152817, ¶ 21; *Palmolive Tower Condominiums, LLC v. Simon*, 409 Ill. App. 3d 539, 544 (1st Dist. 2011). It is not enough that the order specifically cites Rule 304(a). *In re Marriage of Morgan*, 2019 IL App (3d) 180560, ¶ 13 ("Rule 304(a) is not unduly burdensome, and simply mentioning appealability while vaguely referencing Rule 304 'and other applicable rules' does not confer appellate jurisdiction.").

¶ 11 Here, the language did not even go as far as the insufficient language in those other cases. The order does not mention appealability or Rule 304(a). Again, it simply provides that "Plaintiff's Motion for Leave to File Interlocutory Appeal is granted only as to Count III, Plaintiff's Illinois Sales Representative Act claim." Plaintiff did not require leave to file an interlocutory appeal, nor did the circuit court have the authority to grant him leave. His only jurisdictional hook was an express written finding by the circuit court that there was no just reason to delay enforceability of or appeal from the final judgment he wanted to appeal. Ill. S.

Ct. R. 304(a) (eff. Mar. 8, 2016). He did not obtain those findings from the circuit court.

¶ 12     Plaintiff devotes most of his time on the jurisdictional issue arguing that the dismissal of count 3 was a final judgment. That is undeniably true. See *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502 (1997) (dismissal of count with prejudice is final judgment, though not necessarily appealable at that time). But "final" and "appealable" are two different things; a judgment may be "final" but not yet "appealable." *Id.* at 502-03. Indeed, Rule 304(a) does not even enter the discussion unless the judgment is final in the first instance, as the rule itself states. See Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016) (allowing appeal "from a final judgment as to one or more but fewer than all of the parties or claims"). Finality is not the problem here; appealability is.

¶ 13     Though the judgment dismissing count 3 with prejudice was a final judgment, it was not yet appealable, given the pendency of other claims in the underlying case, absent proper Rule 304(a) findings from the circuit court. The subsequent order granting plaintiff leave to file an interlocutory appeal was not a proper substitute for the required Rule 304(a) findings. We have no choice but to dismiss the appeal for lack of jurisdiction.

¶ 14     Appeal dismissed.