No. 1-99-0882 First Division

       1-00-2313        December 29, 2000

SACRAMENTO CRUSHING CORPORATION, ) Appeal from the

Plaintiff, ) Circuit Court of

) Cook County.

v. )

)

CORRECT/ALL SEWER, INC.; E.A. COX )

COMPANY; THE CITY OF CHICAGO, ) 96 CH 198, 96 CH 12924,

DEPARTMENT OF TRANSPORTATION, and ) 96 CH 14213, 96 CH 2255,

FIDELITY AND DEPOSIT COMPANY OF ) 96 CH 2441, 96 CH 3547,

MARYLAND, Defendants ) 96 CH 3549, 96 CH 3560,

) 97 CH 12500

(Correct/All Sewer, Inc., Cross-Plaintiff and )

Counterdefendant, Appellant, )

) 

v. )

) The Honorable

E.A. Cox Company, Cross-Defendant and ) Cyril Watson, 

Counterplaintiff, Appellee.) ) Judge Presiding.

JUSTICE COHEN delivered the opinion of the court:

Defendant-Appellee E.A. Cox Company (Cox) served as general contractor on a road construction project (the project) for the City of Chicago Department of Transportation (the City).  Defendant-appellant Correct/All Sewer, Inc. (Correct/All) was Cox's sewer subcontractor for the project.  Defendant Fidelity and Deposit Company of Maryland (Fidelity) provided Cox's surety bond.  Nine subcontractors and/or material suppliers filed complaints against Cox and Correct/All for mechanics' liens against public funds pursuant to section 23 of the Mechanics Lien Act (770 ILCS 60/23 (West 1998)) and for bond claims against Fidelity and Cox pursuant to section 1 if the Public Construction Bond Act (30 ILCS 550/1 (West 1998)).  The trial court consolidated all nine cases into 
Sacramento Crushing Corporation v. Correct/All Sewer, Inc., 
96 CH 198.  Once consolidated, no order of severance was ever entered with respect to any of these cases.

Correct/All cross-claimed against Cox and Fidelity, asserting mechanic's lien and bond claims.  Cox moved to reduce the amount of Correct/All's lien, seeking a summary determination under section 2-1005(d) of the Code of Civil Procedure (735 ILCS 5/2-1005(d) (West 1998)) that Correct/All was not entitled to a separate pay item of $170,025.75 for "spoil removal" (waste hauling).  In an order dated December 3, 1997 (the summary determination order), the trial court granted Cox summary determination as to the spoil removal issue.  Correct/All's motion for reconsideration of the summary determination order was denied. Cox and Fidelity then moved for summary judgment under Section 2-1005(b) of the Code of Civil Procedure, requesting a ruling that Correct/All was owed nothing further on the project.  On September 3, 1998, the trial court granted their motion (the first summary judgment order), finding that Correct/All was owed nothing further on the road construction project and ruling that Correct/All had no valid mechanic's lien or bond claims.  On January 28, 1999, the trial court entered a Rule 304(a) (134 Ill. 2d R. 304(a)) finding with respect to the first summary judgment order.  Correct/All filed its timely notice of appeal on March 2, 1999.

Cox counterclaimed against Correct/All to recover certain "backcharges" (
i.e.
, money that Cox had spent on Correct/All's behalf).  Cox moved for summary judgment against Correct/All on the issue of backcharges.  On May 2, 2000, the trial court granted Cox's motion, entering judgment in favor of Cox in the amount of $312,346.02 plus costs (the second summary judgment order).  The court also entered a Rule 304(a) finding with respect to this order.  Correct/All's motion to reconsider was denied.  The same day, the trial court entered an order dismissing with prejudice all claims and causes of action filed in the nine consolidated cases that had not been disposed of by prior order.  Correc/All's motion to reconsider the second summary judgment order was denied.  Correct/All filed its second timely notice of appeal on July 13, 2000.

Correct/All's first appeal, case no. 1-99-0882, is from the trial court's summary determination order and the first summary judgment order.  Correct/All's second appeal, case no. 1-00-2313, is from the second summary judgment order and the denial of its motion to reconsider.  Cox has moved on appeal for sanctions against Correct/All and its counsel, Mr. Lamont Cranston Strong (Strong).  Cox has also moved for the reconsideration of our previous order consolidating this case with Correct/All's second appeal.  Cox's motions are taken with the case.  We affirm the judgment of the trial court, deny Cox's motion for reconsideration and grant Cox's motion for sanctions. 

I. Summary Determination, Summary Judgment and the Motion to Reconsider

We note as a preliminary matter that there is currently an order of this court on file, dated October 3, 2000, consolidating this case (Correct/All's appeal under Rule 304(a) from the trial court's entry of summary determination and summary judgment in favor of Cox and against Correct/All on Correct/All's amended cross-claim) with case no. 1-00-2313 (Correct/All's appeal from the trial court's entry of summary judgment in favor of Cox and against Correct/All 
on Cox's
 
counterclaim for backcharges 
and from the denial of Correct/All's motion to reconsider)
.
  Cox has moved for reconsideration of the order granting consolidation.  Case no. 1-99-0882 has already been fully briefed, and the issues in the two appeals are nearly identical.  No briefs have yet been filed in case no. 1-00-2313; however, we require no briefs from the parties to guide our decision.    As we will further discuss, the record on appeal in the second case, standing alone, affords us a sufficient basis to rule on Correct/All's second appeal.  Cox's motion for reconsideration is denied. 

Although the trial court entered no Rule 304(a) finding with respect to the summary determination order of December 3, 1997, that order was a step in the procedural progression leading to the summary judgment order of September 3, 1998.  Therefore, Correct/All's notice of appeal was sufficient to grant this court jurisdiction over the summary determination order.  155 Ill. 2d R. 304(a); 
Ruane v. Amore
, 287 Ill. App. 3d 465, 470 (1997).   

Our review of the trial court's grant of summary judgment is 
de novo
.  
Natale v. Gottlieb Memorial Hospital., 
314 Ill. App. 3d 885, 888 (2000).  Summary judgment is properly granted "where the pleadings, affidavits, depositions, admissions, and exhibits on file, when viewed in the light most favorable to the nonmovant, reveal that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  
Natale
, 314 Ill. App. 3d at 888.  In its first appeal, Correct/All argues that the trial court’s summary determination order reducing its claimed lien violated both an unspecified section of the Chicago Municipal Code and the separation of powers doctrine.  Correct/All also argues that in entering the first summary judgment order in favor of Cox, the trial court further violated an unspecified section of the Chicago Municipal Code by assigning to one O’Malley (as a subcontractor of Correct/All) a portion of the funds owed to Correct/All by Cox.  Correct/All has indicated in its second notice of appeal that it wishes to appeal the trial court's entry of the second summary judgment order in favor of Cox, as well as the denial of its motion to reconsider that ruling.

We need not address the substance of these arguments on appeal.  The function of a reviewing court on appeal from a grant of summary judgment is limited to determining whether the trial court correctly concluded that no genuine issue of material fact was raised and, if none was raised, whether judgment as a matter of law was correctly entered.  
Malanowski v. Jabamoni
, 293 Ill. App. 3d 720, 724 (1997).  The record is quite clear that Cox supported both its summary determination and first summary judgment motions against Correct/All with detailed affidavits.  The record is equally clear that in response to Cox’s motion for summary determination, Correct/All filed a document purporting to be an affidavit from Mr. George Fed, the president of Correct/All, addressing the spoil removal issue only.  However, that document was not signed by Mr. Fed, nor was it notarized; therefore, that document was not a valid affidavit and was not sufficient to raise a genuine issue of material fact for purposes of summary judgment. 
 
In re Marriage of Lewis
, 213 Ill. App. 3d 1044, 1049-50 (1991) (Welch, J., dissenting).  The record reflects that Correct/All filed no affidavits -- sufficient or otherwise -- in response to Cox’s first motion for summary judgment.  The suggestion that an issue of material fact exists, without supporting evidence, is insufficient to create one.  
In re Marriage of Palacios
, 275 Ill. App. 3d 561, 568 (1995).  In the face of supporting affidavits from the moving party, the nonmovant must submit counteraffidavits (or refer to depositions or admissions on file) in order to raise an issue of fact sufficient to survive summary judgment.  
Werckenthein v. Bucher Petrochemical Co
., 248 Ill. App. 3d 282, 288 (1993).  Failure to file counteraffidavits in opposition to a summary judgment motion supported by affidavits is fatal.  
Fitzpatrick v. Human Rights Comm.
, 267 Ill. App. 3d 386, 391 (1994).  Therefore, Correct/All failed to raise any genuine issue of material fact before the trial court in response to either the summary determination or the first summary judgment motion.

Similarly, the record in Correct/All's second appeal reveals that Cox's second summary judgment motion was also supported by detailed affidavits.  The record is clear that although Correct/All eventually moved for reconsideration of the trial court's entry of summary judgment in favor of Cox, Correct/All again filed no response to the second summary judgment motion.  As with  its first appeal, Correct/All failed to raise any genuine issue of material fact before the trial court.  
Fitzpatrick
, 267 Ill. App. 3d at 390.

Our determination that Correct/All failed to raise a genuine issue of material fact in response to these motions does not conclude our analysis.  We must now determine whether judgment as a matter of law in favor of Cox was correctly entered.  
Malanowski
, 293 Ill. App. 3d at 724.  "A court of review's determination as to whether the record supports a grant of summary judgment is one of law *** and may be based on any grounds called for by the record. [Citation.]" 
In re Marriage of Palacios
, 275 Ill. App. 3d 561, 568 (1995).  Uncontested, sworn affidavits submitted in support of a motion for summary judgment must be accepted as true for purposes of deciding the motion, contrary assertions in an opponent’s pleadings notwithstanding.  
Soderlund Brothers, Inc. v. Carrier Corp., 
278 Ill. App. 3d 606, 614 (1995)
.  Cox’s affidavits, accepted as true, clearly demonstrate that Correct/All had been fully paid under the terms of its subcontract.  The trial court first determined that under the terms of its subcontract with Cox, Correct/All was not entitled to a separate pay item for spoil removal.  By its own terms, the subcontract states that final payment to Correct/All would be made "on [the] quantities allowed in the final estimate by the [City]."  The City's final pay estimate included no separate line-item term for spoil removal.  In fact, the specifications of the subcontract specifically state that compensation to Correct/All for spoil removal was to be paid under line items 4, 37 through 49, 52 through 67 and 70 through 76, all of which were included in the City's final pay estimate.  All of these line items were included among the agreed items of work under the subcontract; therefore, spoil removal was included among the items of work that Correct/All agreed to perform, and Correct/All was not entitled to separate payment.  The trial court correctly entered summary determination in favor of Cox on this issue.

Accepting as true the total amount that Correct/All
 
claimed that it had earned, the trial court then subtracted from that figure the remaining credits due Cox, including certain payments made by Cox on Correct/All's behalf and payments of the lien claims of Correct/All’s sub-subcontractors and material suppliers.  This calculation showed that Correct/All was owed nothing further on the project. The court concluded that Cox was therefore entitled to judgment as a matter of law.  There is ample support in the record for the trial court’s conclusion.  The trial court’s grant of the summary determination and first summary judgment motions in favor of Cox is affirmed.    

Similarly, Cox's affidavit in support of its second summary judgment motion, accepted as true, shows that the total amount due to Correct/All under the subcontract for line-item work and contract extras was $743,665.93.  The trial court subtracted from this figure the sum of $1,056,011.95, which was the total of all past payments to Correct/All from Cox, all of the backcharges due to Cox from Correct/All (for material, labor and union pension benefits) and all of the mechanic's lien claims against Cox by Correct/All's subcontractors.  The trial court calculated that Correct/All had been overpaid and that there was a balance due from Correct/All to Cox in the amount of $312,346.02.  The trial court then entered summary judgment in favor of Cox in this amount.  The record clearly supports the trial court's conclusion.  The trial court’s grant of Cox's second summary judgment motion is affirmed.    

With respect to Correct/All's motion to reconsider, we have held:

"The purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence which was not available at the time of the hearing, changes in the law or errors in the court's previous application of existing law. [Citation.] As a general rule a motion to reconsider is addressed to the trial court's sound discretion.  [Citation.] But a motion to reconsider an order granting summary judgment raises the question of whether the judge erred in his previous application of existing law.  Whether the court has erred in the application of existing law is not reviewed under an abuse-of-discretion standard."  
Korogluyan v. Chicago Title & Trust Co.
, 213 Ill. App. 3d 622, 627 (1991).  

As with any question regarding the application of existing law, we review the denial of such a motion 
de novo
.  
Joel R. v. Board of Education of Mannheim School District 83
, 292 Ill. App. 3d 607, 

613 (1997).  Correct/All's motion to reconsider fails to offer any newly discovered evidence which was not available at the time of hearing.  The motion mentions no changes in the law subsequent to the entry of summary judgment.  The motion simply asserts error on the part of the trial court in its application of existing law in granting the second summary judgment motion.  "[A] trial court is not required to consider documents attached to a [defendant's] motion for reconsideration of a summary judgment ruling where the [defendant] had failed to file the documents in *** response to the [plaintiff's] motion for summary judgment."  
McCullough v. Gallaher & Speck
, 254 Ill. App. 3d 941, 947 (1993).  Neither are we required to do so on appeal, leaving for our consideration only the unsubstantiated allegations of error in Correct/All's motion.  As we have already determined that the trial court did not err in its findings that Correct/All failed to establish any genuine issue of material fact and that Cox was entitled to judgment as a matter of law,  we hold that the trial court committed no error in denying Correct/All's motion to reconsider.
(footnote: 1)
II. Cox's Motion for Sanctions

The following excerpts from Correct/All's briefs set forth Correct/All's remaining argument on appeal:

"THE TRIAL COURT'S ORDER OF DECEMBER 3, 1997, AND ALL ORDERS PREDICATED UPON THE DECEMBER 3, 1997 ORDER REDUCING CORRECT/ALL'S LIEN CLAIM IN THE AMOUNT OF $170,025.75 ARE VOID BECAUSE THE TRIAL COURT'S JUDGMENT WAS PROCURED BY FRAUD.

***

In its efforts to reduce Correct/All's lien, Cox presented to the Court an altered Schedule C form. 

***

By causing the Court to rely upon a document that was altered, Cox procured the December 3, 1997 order by 
fraud
.

***

On the face of the record, it clearly appears that the Schedule 'C' Form that Cox submitted to the Court, and that the Court apparently relied upon to reduce Correct/All's lien, may not have been a genuine Schedule C document, contrary to any aversion otherwise.

***

Cox's deception becomes clear."  (Emphasis added.)

As clearly illustrated by the above emphatic quotations, Correct/All charges Cox with perpetrating a 
fraud
 on the trial court and engaging in "deception" in order to obtain the summary determination order of December 3, 1997.  Correct/All asserts that this order and all subsequent orders predicated thereon (including the summary judgment order of September 3, 1998) are therefore void as a matter of law.  A void order can be attacked "at any time, in any court, either directly or collaterally." 
 People ex rel.
 
Brzica v. Village of Lake Barrington
, 268 Ill. App. 3d 420, 424 (1994).  Correct/All bases its claim of fraud on an alleged discrepancy between a contract schedule contained in the general contract between Cox and the City of Chicago and what Correct/All claims to be an "altered" copy of that same contract schedule in the 
sub
contract between Cox and Correct/All.  The disputed contract schedule in the general contract, schedule C, is a list estimating the amount per item of work that Cox would pay to Correct/All as a subcontractor.  This list contains a notation (
without
 any numbered line item) for spoil removal in the amount of $170,025.75.  This is the amount by which the trial court reduced Correct/All's lien claim in its summary determination order of December 3, 1997.  The schedule C contained in the subcontract 
is
 different from that appended to the general contract in that the 
sub
contract schedule C lacks a separately listed item for spoil removal. 

In its less-than-artful briefs, Correct/All claims that it prepared the version of schedule C that included the separate spoil removal item and submitted it to Cox for incorporation into Cox's bid proposal to the City.  Correct/All further claims that Cox's estimate then became binding, requiring Cox to pay to Correct/All the sum of $170,025.75 for spoil removal.  Cox responds by agreeing that the schedule C attached to the 
sub
contract does lack a numbered spoil removal item.  However, Cox argues, the schedule C submitted by Cox along with its bid proposal to the City of Chicago was a nonbinding estimate.  No "line-item number" accompanied the spoil removal notation in the schedule C submitted with the bid.  

Cox further notes that had Correct/All disagreed with the numbered items of work listed in the subcontract schedule C, Correct/All had the option simply to refuse to sign the contract as written.  Correct/All freely signed the subcontract containing the allegedly altered schedule C without disputing any of its terms.   Correct/All does not argue that it signed the subcontract on other than a level playing field, nor is there evidence in the record of coercion. 

Cox's motion for sanctions is framed in terms of Supreme Court Rule 137, which governs proceedings in the trial court.  155 Ill. 2d R. 137.  However, Rule 375 is the appropriate basis for sanctions in the appellate court for improper conduct on appeal.  155 Ill. 2d R. 375.  A motion for sanctions that is improperly brought in the appellate court pursuant to Rule 137 may be treated as properly brought under Rule 375 and considered on its merits.  
Kennedy v. Miller
, 197 Ill. App. 3d 785, 788-89 (1990). 

Rule 375 allows this court to impose sanctions when "an appeal or other action [is] not taken in good faith."  155 Ill. 2d R. 375(b).  Despite Correct/All's assertion on appeal that Cox obtained both the summary determination and first summary judgment orders by deceptively "altering" the schedule C appended to the subcontract, the record reveals that 
Correct/All itself had previously admitted before the trial court the authenticity of the allegedly altered document on no fewer than three separate occasions.
  First, Correct/All attached a copy of the subcontract to its cross-claim against Cox without disputing the authenticity of the attached schedule C.  Correct/All itself therefore submitted the allegedly altered document to the trial court.  Second, Correct/All filed an answer to Cox's counterclaim, in which Correct/All admitted that the copy of the subcontract attached to Cox's counterclaim, including schedule C, was true and correct.  Finally, Correct/All filed and answer to Cox's motion for summary judgment, in which Correct/All admitted that the copy of the subcontract attached to Cox's motion, including schedule C, was true and correct.

Because Correct/All repeatedly admitted the authenticity of the subcontract schedule C before the trial court, and despite Mr. Strong’s vehement protests to the contrary, Correct/All's challenge of the document on appeal as "fraudulent" cannot be said to have been made “in good faith” within the meaning of Rule 375.  

We fail to see the relevance of Mr. Strong's contention, in Correct/All’s response to Cox’s motion for sanctions, that he was not of record during trial but was retained for purposes of appeal only.  Rule 375 imposes upon Mr. Strong, and every other appellate counsel, a good-faith duty to thoroughly investigate the trial record and to refrain from making arguments before this court that are clearly contradicted by that record.  “[C]onduct [on appeal] will be found to be improper if a 
reasonable prudent
 attorney would not have engaged in such conduct.”  (Emphasis added.)  155 Ill. 2d R. 375(b), Committee Comments.  In Correct/All's response to Cox's motion for sanctions, Mr. Strong insists that "reasonable inquiry was made" and that "the facts set forth above are warranted by existing law."  Even a cursory examination of the operant facts belies this specious representation.  A reasonable prudent attorney would have made a thorough investigation of the trial record and refrained, in the face of 
multiple 
admissions by his client of the authenticity of a document, from accusing an opposing party and its counsel of fraud predicated on the alleged alteration of that same document.  We find that this argument was "improper" within the meaning of Rule 375.  

The committee comments to Rule 375 state that when conduct on appeal is found to be improper, “the subjective nature of the conduct is then important to determine the appropriate nature and amount of the sanction.”  155 Ill. 2d R. 375(b), Committee Comments.  We find Correct/All and Mr. Strong’s conduct in this regard to be egregious.  The decision to accuse an opposing party or its counsel of perpetrating a fraud on the court is a momentous one.  When the decision is made to go forward on such a charge, one would hope that the charging party was solidly armed with competent, clear, and convincing evidence supporting his theory.  

We are particularly disturbed that Mr. Strong chose to accuse fellow officers of the court of an offense meriting disbarment for the sole purpose of attempting to gain an advantage in litigation, as his statement in Correct/All's response to Cox's motion for sanctions clearly demonstrates: 

"Also, because the order that reduced the lien was entered in1997, it was this writer's opinion that attacking that order in the manner that it was attacked was the best proper legal avenue under the circumstances."    

Mr. Strong would do well to remember his duty under the Rules of Professional Conduct not to "assert *** an issue [in any proceeding], unless there is a basis for doing so that is not frivolous."  134 Ill. 2d R. 3.1.  Not only did these charges lack any semblance of substance, they were both spurious and embarrassingly silly.

Upon careful review of the record on appeal, the parties' briefs and all motions filed in this matter, this court hereby grants Cox's motion for sanctions against Correct/All and its counsel, Mr. Lamont Cranston Strong.  We order Correct/All and Mr. Strong to pay to Cox both the reasonable costs of these appeals and any other expenses incurred by Cox in defending these appeals.  These expenses shall include reasonable attorney fees in an amount to be determined, subject to counsel for Cox submitting to this court, within 14 days after the filing of this judgment, an affidavit setting forth such expenses and fees. 

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed, with sanctions.

McNULTY, P.J., and O'MARA FROSSARD, J., concur.

FOOTNOTES
1:  In light of the foregoing, we conclude that we are justified in deciding the merits of Correct/All's second appeal without separate briefs from the parties.  This court has previously held that briefs are for the convenience of the court, for the purpose of presenting the parties' arguments to the court in a coherent manner.  
47th & State Currency Exchange, Inc. v. B. Coleman Corp.
, 56 Ill. App. 3d 229, 232 (1977).  Correct/All's second notice of appeal refers solely to the order entering the second summary judgment motion in favor of Cox, as well as the denial of Correct/All's motion to "vacate" that order (actually a motion to reconsider).  " 'It is well established that an appellate court has jurisdiction only of those matters which are raised in the notice of appeal.' " 
Steinberg v. System Software Associates, Inc.
, 306 Ill. App.. 3d 157, 166 (1999), quoting 
Lewanski v. Lewanski
, 59 Ill. App. 3d 805, 815 (1978); 155 Ill. 2d R. 303(b)(2).  Therefore, these are the only matters properly before us in Correct/All's second appeal.  

As discussed earlier, we are limited on appeal from summary judgment to determining whether a genuine issue of material fact was raised and, if not, whether judgment as a matter of law was correctly entered.    
Malanowski,
 293 Ill. App. 3d at 724.  Therefore, any argument Correct/All might raise in its second appeal would necessarily be limited to one of these avenues of consideration.  We have found that through its failure to file any affidavits in opposition to Cox's motions, Correct/All failed to raise any genuine issue of material fact before the trial court.  No argument Correct/All makes in an additional brief will alter this finding.  We have also closely scrutinized the record in Correct/All's second appeal and determined that the trial court correctly entered judgment in favor of Cox on the second summary judgment motion and Correct/All's motion to reconsider.  Again, no matter what argument Correct/All might make before us, the fact remains that, accepting Cox's affidavits as true, Cox was entitled to judgment as a matter of law.  Under these circumstances, we can conceive of no argument Correct/All might make that would be sufficient to alter the outcome of our analysis.  Therefore, in the interest of judicial economy, we decide Correct/All's second appeal on the record only.