**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 230063-U

Order filed December 21, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| JAMES AYOT, | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Du Page County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-23-0063 |
| | ) | Circuit No. 21-L-946 |
| | ) | |
| DU PAGE CLERK OF COURT and JAMES | ) | |
| MEISENBEURG, Defendants (Du Page Clerk | ) | Honorable |
| of Court, Defendant-Appellee). | ) | Neal W. Cerne, |
| | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Presiding Justice Holdridge and Justice Peterson concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Plaintiff's brief lacks supporting legal authority and fails to comply with multiple provisions of Illinois Supreme Court Rule 341. Plaintiff's brief is therefore stricken, and the appeal is dismissed.

¶ 2     Plaintiff, James Ayot, alleges that the trial court engaged in fraud upon the court and judicial misconduct when it dismissed his amended complaint against Du Page Clerk of the Court (Clerk's Office) and James Meisenbeurg, a Clerk's Office employee, and denied his motion for default judgment against Julie Ellefsen and Jack Akimakajian, supervisors at the Clerk's Office.

The amended complaint claimed that the Clerk's Office and Meisenbeurg engaged in a Racketeer Influenced and Corrupt Organizations (RICO), embezzlement, and unlawful detention scheme when they (1) delayed the issuance of plaintiff's full bond refund following his release from jail and (2) failed to update a public website, Vinelink, which displays custody and case statuses for offenders. Plaintiff was granted leave to file an amended complaint to add Ellefsen and Akimakajian as defendants but did not do so. For the reasons set forth below, we strike plaintiff's brief and dismiss the appeal.

¶ 3                                    I. BACKGROUND

¶ 4        Plaintiff has filed at least 14 separate lawsuits against various individuals, companies, and Du Page County government offices and employees at both the state and federal level, many of which are based upon the same set of facts presented here. We note that the filings and court appearances in this matter were voluminous, and we outline only those which are relevant to the issues before us.

¶ 5        On September 3, 2021, plaintiff filed a complaint alleging a RICO scheme, embezzlement, and unlawful detention against the Clerk's Office and several other Du Page County employees. The case was assigned to Judge Robert Rohm's docket. The Clerk's Office was served on September 23, 2021, and the Du Page County State's Attorney's Office (SAO) filed an appearance on the Clerk's Office's behalf.

¶ 6        Plaintiff's complaint was not divided into discernable counts; however, the allegations as we can discern them are as follows. In December 2015, a misdemeanor criminal complaint was filed against plaintiff alleging a violation of an order of protection obtained by his former girlfriend. According to plaintiff's complaint, a police investigation subsequently revealed that his former girlfriend fabricated the allegations of the violation but, nonetheless, a warrant for

2

plaintiff's arrest was issued. The Naperville Police Department allegedly contacted plaintiff and acknowledged that the warrant was invalid. However, in January 2016, plaintiff was arrested in connection with the warrant while appearing in court on another matter.

¶ 7     Upon learning of plaintiff's arrest, the Naperville Police Department allegedly contacted the SAO to advise it of their investigation and inform it that plaintiff was to be released. Plaintiff claims that the court ordered that plaintiff first pay court fees, electronic monitoring costs, and bond, although this order is not in the record. Because plaintiff believed that the arrest warrant was invalid, he initially refused to pay and was taken into custody. After two days in jail, plaintiff submitted the bond payment and was released. He claimed that he was housed with "very violent criminals who were in custody for all manners of disgusting crimes" in an effort to intimidate him into making the payment.

¶ 8     Upon his release, plaintiff obtained paperwork from the Naperville Police Department to report his improper arrest to the court. On April 13, 2016, a *nolle prosequi* order was entered in the criminal case, as the underlying order of protection was stricken, although the record does not include any orders from the order of protection case. On April 22, 2016, the trial court in the criminal case entered an order stating that plaintiff was to "receive a full bond refund." Plaintiff claims that the Clerk's Office would only issue him a partial refund, despite being presented with the court order. On July 13, 2016, the court entered a second order providing that "Du Page County Clerk's Office shall return [plaintiff's] bond money 100% full bond (no 10% applies)." Plaintiff claimed that the Clerk's Office, again, refused to issue him a full refund. Plaintiff concedes that he has since received a full refund.

¶ 9     Separately, plaintiff claims that, in 2017, a potential employer refused to extend him an employment offer after locating the above-referenced criminal case, *inter alia*, on Vinelink, which

3

is a "public website that allows visitors to search for offender custody and case status." Vinelink erroneously displayed that plaintiff's criminal case was still pending. Plaintiff contacted general counsel for Vinelink, David Strauss, who confirmed that, after plaintiff's communication, the cases in question were manually blocked and no longer visible to the public. Strauss indicated that Vinelink did not receive data from Du Page County Circuit Court's data feed indicating that the cases were closed but that, upon further investigation, Vinelink confirmed that they were. Plaintiff's position is that it was the duty of Du Page County Sheriff's Office, SAO, and the Clerk's Office to update Vinelink.

¶ 10      Based on these events, plaintiff alleged a RICO scheme by which the Clerk's Office and its employees collect "as much money as possible" in bond payments, intimidates defendants, and falsifies documents.

¶ 11      Plaintiff filed several motions to amend the complaint to add various government employees who he believed participated in the scheme. As the case progressed, the court dismissed certain defendants from the case and denied plaintiff's requests to add defendants. On October 12, 2021, plaintiff filed the operative amended complaint (amended complaint), which alleged a RICO scheme, embezzlement, unlawful detention, and aiding and abetting. Here, he sought to add Meisenbeurg (Clerk's Office employee who allegedly failed to process plaintiff's bond refund) as a defendant, which the court permitted. At this point, the court allowed the case to proceed against only the Clerk's Office and Meisenbeurg and struck all references to and causes of actions against other defendants. Plaintiff filed multiple motions to reconsider the court's decision to dismiss the other defendants, all of which were denied.

¶ 12      On November 18, 2021, and January 20, 2022, plaintiff filed motions for default judgment, claiming that the Clerk's Office and Meisenbeurg failed to respond to the amended complaint.

4

Plaintiff acknowledged that he had failed to serve Meisenbeurg, but claimed that the SAO verbally agreed to accept service on Meisenbeurg's. The record does not reflect the SAO's alleged acceptance of service for Meisenbeurg, nor was an appearance ever filed on his behalf. The court allowed the Clerk's Office additional time to respond.

¶ 13 On February 14, 2022, the Clerk's Office filed a motion to dismiss, arguing, *inter alia*, that the action was barred by the statute of limitations, the amended complaint failed to state a claim, and the Clerk's Office is not a legal entity and cannot be sued. On March 17, 2022, the court granted the Clerk's Office's motion to dismiss and dismissed the Clerk's Office from the case with prejudice. Meisenbeurg still had not been served. We note that plaintiff obtained summonses for Meisenbeurg on March 18, 2022, and September 2, 2022, but neither was filed or returned with a certificate of service.

¶ 14 On March 18, 2022, plaintiff filed a motion to amend his complaint, seeking to add Akimakajian, *inter alios*, as a defendant. On March 21, 2022, plaintiff filed a motion to reconsider, arguing in relevant part that the Clerk's Office was improperly dismissed from the case. On April 21, 2022, plaintiff filed another motion to amend his complaint to add as defendants Akimakajian, John Doe 1 (alleged supervisor at Clerk's Office), and Candice Adams (Court Clerk of Du Page County). Plaintiff attached a proposed amended complaint as an exhibit to his motion, but never filed this proposed amended complaint. On April 22, 2022, plaintiff filed a motion to substitute John Doe 1 for Ellefsen.

¶ 15 On May 9, 2022, plaintiff filed a motion for summary or partial judgment, arguing, in part, that he was not required to serve all defendants individually since he alleged a RICO scheme and "the foot soldier, the capo and the Boss all share responsibility for any criminal activity done by the syndicate. That responsibility extends to service. Candice Adams head of the syndicate was

served last year." On May 18, 2022, plaintiff filed another motion for summary judgment or partial summary judgment. He expressed disagreement with the Clerk's Office's argument that plaintiff failed to properly serve Meisenbeurg and claimed that the Du Page County Sheriff's Office was "slow walking" the summons for him.

¶ 16 On June 3, 2022, the court denied plaintiff's motion to amend the complaint to add Candice Adams as a defendant. Plaintiff voluntarily withdrew his motion to substitute John Doe 1 for Ellefsen. Plaintiff's motion to amend the complaint to add John Doe 1 and Akimakajian as defendants was granted. Plaintiff obtained summonses for Ellefsen on June 28, 2022, and for Akimakajian on June 28, 2022, and September 2, 2022. None of the summonses were filed, but the certificates of service for both Ellefsen and Akimakajian were filed. It is unclear from the record what documents Ellefsen and Akimakajian were served with, as plaintiff never filed an amended complaint adding them as defendants. On June 6, 2022, plaintiff filed a motion for default judgment against Akimakajian, as well as a motion to reconsider the court's March 17, 2022, order dismissing the Clerk's Office as a defendant, both of which were denied. Plaintiff voluntarily withdrew his motions for summary judgment.

¶ 17 In June 2022, Judge Timothy McJoynt was assigned to Judge Rohm's docket. After a court appearance before Judge McJoynt, plaintiff filed a document titled a motion to provide clarity because he was under the impression Judge McJoynt did not understand the facts of the case. Plaintiff failed to request any relief in his motion and, instead, essentially filed a letter to the judge outlining plaintiff's impression of the case. The motion was denied with prejudice.

¶ 18 On August 8, 2022, plaintiff filed a motion for default against Ellefsen, citing her failure to file a response or appearance. On September 20, 2022, while awaiting a hearing on the motion for default against Ellefsen, plaintiff filed another motion for partial summary judgment. On

September 26, 2022, plaintiff filed a "motion for fraud upon the court sanctions," alleging that Ellefsen blocked plaintiff from her email to prevent plaintiff from being able to serve her with proper notice of motions. Plaintiff requested a "strong on the record reprimand" and monetary sanctions. On October 18, 2022, plaintiff filed another motion for default judgment against Akimakajian.

¶ 19          On October 26, 2022, plaintiff's motions for default judgment and motion for fraud upon the court sanctions, as well as his request that rules issue against Ellefsen and Akimakajian, were scheduled for a future hearing date. All other pending motions were withdrawn. The scheduling order also provided that the motion for default judgment against Ellefsen was denied, as no amended pleading naming her as a defendant had been filed. That same day, plaintiff filed a motion to reconsider, arguing that he was not obligated to file an amended complaint since his motion to amend the complaint, which attached his proposed amended complaint as an exhibit, was granted on June 3, 2023. Plaintiff's position was that the exhibit to his motion to amend the complaint adequately served as his formally filed amended complaint. On November 1, 2022, plaintiff filed a motion for substitution of judge.

¶ 20          On November 7, 2022, plaintiff's motion for substitution of judge was denied with leave to refile. On November 9, 2022, plaintiff filed a motion to substitute judge "both for cause and as right." On December 1, 2022, the case was transferred to Judge Neal Cerne. On February 7, 2023, Judge Cerne dismissed the entire case "for lack of jurisdiction for the reasons stated on the record." The court further ruled that "there was no jurisdiction for the Court's June 3, 2022, Order allowing leave to file an amended complaint as the matter was dismissed on March 17, 2022, and that, even if it did have jurisdiction, no amended complaint was ever filed." The case was closed. We note that the record does not contain a transcript of these, or any other, proceedings.

7

¶ 21 On February 7, 2023, plaintiff filed a document titled as a motion to reconsider and for substitution of judge, arguing that the court improperly dismissed the case and that the March 17, 2022, order cited by the court only dismissed the Clerk's Office as defendants, rather than the entire case. He also argued that Judge Cerne was "confused and misinformed" and requested that the case be returned to Judge Rohm's docket, as "such nonsense was not tolarated [sic]" by Judge Rohm. On February 8, 2023, plaintiff filed an addendum to his motion to reconsider and substitution of judge, adding alleged "evidence of DuPage clerk of court gaming the system to cause confusion and uncertainty." On February 9, 2023, plaintiff's motion was denied, and the court indicated that it had lost jurisdiction to reconsider 30 days after entry of the March 17, 2022, order. The court, again, noted that plaintiff failed to file an amended complaint adding Ellefsen and Akimakajian as defendants. Plaintiff was advised that any further pleadings would be "considered frivolous and potentially sanctionable."

¶ 22 Plaintiff timely appealed.

¶ 23 II. ANALYSIS

¶ 24 In his brief on appeal, plaintiff identifies the issue presented for review as follows: "Did the trail [sic] Court Judge engage in fraud upon the Court and judicial misconduct in his effort to dismiss 21L946 at his earliest convience [sic]." However, in the argument section of his brief, plaintiff asserts that the court engaged in fraud upon the court and misconduct in its denial of plaintiff's motion for default judgment, rather than disputing the dismissal of the case. Plaintiff also requests that Judge Cerne "be referred to DuPage SAO [State's Attorney's Office] as a criminal referral." The majority of plaintiff's brief focuses on the alleged comments and conduct of the court and not the legality of its rulings.

¶ 25        Plaintiff's brief violates the Illinois Supreme Court Rules and Local Rules of the Illinois Appellate Court, Third District, in numerous ways. The most glaring deficiencies in plaintiff's brief are that (1) the issues raised on appeal are unclear and (2) plaintiff's brief lacks any citations to legal authority in violation of Illinois Supreme Court Rule 341(h)(3) and (7) (eff. Oct. 1, 2020).

¶ 26        According to Rule 341(h)(3) and (7), an appellant has a duty to clearly define the issues on appeal and support his arguments with "pertinent authority and cohesive arguments." *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459 (2009). A reviewing court "is not merely a repository into which an appellant may 'dump the burden of argument and research,' nor is it the obligation of this court to act as an advocate or seek error in the record." *Id.* Adherence to Rule 341 when preparing an appellate brief is mandatory, notwithstanding an appellant's self-represented status. *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶25. A brief that fails to comply with the applicable rules may be dismissed by the appellate court, particularly when the violations interfere with appellate review of the issues. *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 11.

¶ 27        Here, plaintiff failed to clearly identify the issues on appeal, which significantly impedes our role as a reviewing court. It is unclear from plaintiff's brief whether his grievances are limited to the court's alleged misconduct, as extensively discussed throughout the argument section, or whether he seeks reversal of one or more of the court's decisions, as briefly intimated in the issues presented for review and conclusion sections. In particular, plaintiff stated that his brief would "simply point out the judge's criminal conduct" and, thereafter, exclusively discussed the court's alleged "very shocking and illegal statements," alteration of previous court orders, improper exercise of appellate jurisdiction, "bizzare [sic] claim about an amended complaint," "primitive threats," and plaintiff's "trap" to "catch [the court] in [its] lies and fraud." However, plaintiff, in his conclusion section, seeks the reinstatement of his case, grant of his motion for default judgment,

9

and for Judge Cerne to be referred to the SAO for criminal proceedings. Plaintiff offers only two sentences on these points, each of which is conclusory and without argument. Yet, plaintiff filed five separate motions for default judgment throughout the case, none of which were granted, and he fails to identify which motion for default judgment was improperly denied. Plaintiff's brief is comprised almost entirely of inflammatory and conclusory statements about the court, none of which aid in our identification of the issues on appeal. "The consequence of not complying with [Rule 341] is waiver of those issues on appeal." *U.S. Bank*, 397 Ill. App. 3d at 459.

¶ 28        Moreover, plaintiff failed to cite *any* legal authority to support his arguments, in violation of Rule 341(h)(7). Plaintiff did not develop or support his arguments, nor did he set forth the legal framework for any of the issues raised. His argument spans only two pages and offers little to no substance as to the issues he raised. Rather, he reiterates the facts of the case intertwined with his personal opinions and conclusions. See *Gruby v. Department of Public Health*, 2015 IL App (2d) 140790, ¶ 13 (appellant brief stricken where it failed to cite authority and contained only one page of argument, which did not provide anything of substance to aid the court in resolving the issues on appeal). A reviewing court will not conduct an appellant's research for him. *Gakuba v. Kurtz*, 2015 IL App (2d) 140252, ¶ 19. It is well-established that failure to cite legal authority justifies the dismissal of an appeal. See *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶¶ 32-33 (it was within appellate court's discretion to dismiss appeal where appellant's brief lacked citation to any legal authority whatsoever); *Curtis v. Lofy*, 394 Ill. App. 3d 170, 189 (2009) (argument on appeal forfeited when brief did not contain any citation to relevant authority or the appropriate standard of review); *In re Marriage of Petrik*, 2012 IL App (2d) 110495, ¶ 38 (argument on appeal forfeited where brief consisted predominantly of a GAL's alleged misconduct and failed to cite relevant legal authority in support of coherent legal arguments); *Charter Bank v.*

10

*Eckert*, 223 Ill. App. 3d 918, 929 (1992) ("Failure to cite relevant authority in support of a bare argument will not merit consideration of the issue on appeal."). "No amount of steadfastness" in his position excuses plaintiff's obligation to provide legal support for his arguments under Rule 341. *Novakovic v. Samutin*, 354 Ill. App. 3d 660, 667 (2004).

¶ 29    We further note that plaintiff insists that the court's conduct was "well documented in Court official transcripts," but has failed to file any report of proceedings. Instead, plaintiff filed a document titled as a bystander's report that was neither served on any defendants nor approved by the court, which violates Illinois Supreme Court Rule 323(c) (eff. July 1, 2017). In addition, the document contained plaintiff's editorialized version of events, which is improper in a report of proceedings. Accordingly, we cannot consider the document as part of our review. *People v. Gerwick*, 235 Ill. App. 3d 691, 693 (1992) ("In the absence of some designation on the document that the judge certified the facts recited therein to be accurate, the document may not be considered a bystander's report.").

For the foregoing reasons, we strike appellant's brief and dismiss the appeal. [1]

---

[1] After filing his appeal, plaintiff filed a "Motion for 137 Sanctions" which we took with the case. Rule 137 does not apply in the appellate context, though "[a] motion for sanctions that is improperly brought in the appellate court pursuant to Rule 137 may be treated as properly brought under Rule 375 and considered on its merits." *Sacramento Crushing Corp. v. Correct/All Sewer, Inc.*, 318 Ill. App. 3d 571, 580 (2000). Rule 375(b) provides that the manner of defending an appeal is sanctionable if it is frivolous, not taken in good faith, or for an improper purpose. Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994). Here, in that we have dismissed plaintiff's appeal, his motion for sanctions is denied.

## III. CONCLUSION

For the reasons stated herein, we strike plaintiff's brief and dismiss the appeal.

Appeal dismissed.