2025 IL App (1st) 241959-U

FOURTH DIVISION
Order filed: May 1, 2025

No. 1-24-1959

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| ALL AMERICAN CONSTRUCTION AND SERVICES, INC., | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff and Counterdefendant-Appellee, | ) ) | |
| v. | ) ) | |
| CONSOLIDATED MANAGEMENT, INC.; JPMORGAN CHASE BANK, N.A.; 1425 ASHLAND, LLC; CHICAGO TITLE LAND TRUST COMPANY, TRUST #39309; 1327 PRAIRIE, LLC; UNKNOWN NECESSARY PARTIES; UNKNOWN OWNERS; and NON-RECORD CLAIMANTS, | ) ) ) ) ) ) ) ) | No. 22 CH 01408 |
| Defendants | ) ) | |
| (Consolidated Management, Inc.; 1425 Ashland, LLC; Chicago Title Land Trust Company, Trust #39309; 1327 Prairie, LLC; Defendants and Counterplaintiffs-Appellants). | ) ) ) ) ) ) ) | Honorable Lewis Nixon, Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Lyle and Ocasio concurred in the judgment.

**ORDER**

¶ 1     *Held*:   An order granting summary judgment in favor of a contractor on the contractor's breach-of-contract claim against three building owners and their management company is affirmed when an affidavit attached to the contractor's motion for summary judgment established the contractor's entitlement to a judgment in its favor and the owners did not attach or reference a counteraffidavit or other evidence demonstrating a genuine issue of material fact. Further, the owners' appeal of an order denying leave to amend their second amended counterclaim is dismissed for lack of jurisdiction because the counterclaim remains pending.

¶ 2     In this dispute over the failure of three building owners and their management company to pay for completed roofing work, defendants and counterplaintiffs Consolidated Management, Inc. ("CMI"), 1425 Ashland, LLC, Chicago Title Land Trust Company, Trust #39309 ("Trust"), and 1327 Prairie, LLC (collectively, "Owners"), appeal two circuit court orders granting summary judgment in favor of All American Construction and Services, Inc. ("Contractor"), on the Contractor's claim for breach of contract and denying their motion for leave to amend their counterclaim against the Contractor. We dismiss the Owners' appeal of the order denying leave to amend for lack of jurisdiction, and we affirm the order granting the Contractor's motion for summary judgment.

¶ 3     CMI manages three apartment buildings in Des Plaines, Illinois ("Properties"), that are owned by 1425 Ashland, the Trust, and 1327 Prairie. In October 2021, CMI and the Contractor entered into a contract for the replacement of the roofs and gutters on the Properties. In December 2021, the Contractor completed the work and submitted an invoice to CMI for $67,665.00. CMI failed to pay for the work, and in February 2022 the Contractor recorded a mechanic's lien against the Properties for the full outstanding balance. That same month, the Contractor filed a complaint in circuit court against the Owners, as well as the mortgage holder on the Properties, JPMorgan Chase Bank, N.A., which is not involved in this appeal. The complaint raised four claims for relief,

including (1) foreclosure on the mechanic's lien, (2) damages for breach of contract, and, alternatively, damages under theories of (3) unjust enrichment and (4) *quantum meruit*.

¶ 4 The Owners separately filed essentially identical answers to the complaint in which they raised an affirmative defense that the Contractor failed to comply with statutory requirements for recording its mechanic's lien and also raised counterclaims for (1) breach of contract and (2) fraud. The Contractor moved to strike the Owners' affirmative defense and to dismiss the Owners' counterclaims. The circuit court granted the Contractor's motion in part and denied it in part, dismissing part of the Owners' breach-of-contract counterclaim without prejudice, dismissing the Owners' fraud counterclaim with prejudice, and dismissing the Owners' affirmative defense without prejudice.

¶ 5 In July 2023, the Contractor moved for summary judgment on counts one and two of its complaint. Among the attachments to the motion were the contract for the roofing work to be performed at the Properties and an affidavit from the Contractor's owner, Sergey Taitler, in which he averred that all work under the contract was completed, that none of the Owners had complained that the work performed was incomplete, incorrect, or defective, that the Contractor had provided a warranty for the work, that the Owners had not requested any warranty repairs, and that the Owners owed the Contractor $67,665.00. In their response to the Contractor's motion, the Owners asserted that summary judgment was inappropriate because their investigation remained ongoing, because disputed facts existed regarding the validity of the parties' contract and the Contractor's compliance with its terms, and because they alleged that the Contractor had not complied with statutory requirements when recording its mechanic's lien. The Owners did not support their

allegations of disputed facts with any counteraffidavits or evidence and instead relied on a single citation to a denial in their verified answer.

¶ 6    In October 2023, the Owners filed an amended answer, affirmative defense, and counterclaim, realleging their mechanic's lien affirmative defense and their breach-of-contract counterclaim. The Contractor again moved for the affirmative defense to be stricken and for the counterclaim to be dismissed.

¶ 7    On January 25, 2024, the circuit court entered an order disposing of both of the Contractor's outstanding motions. The court found that the Owner's affirmative defense precluded summary judgment on the Contractor's claim for foreclosure on its mechanic's lien, but the court entered summary judgment in favor of the Contractor on its breach-of-contract claim, finding that the statements in Taitler's affidavit were sufficient to establish that the Owners breached the contract between the parties and that the Owners had not rebutted those allegations with a counteraffidavit or an affidavit under Illinois Supreme Court Rule 191(b) (eff. Jan. 4, 2013) explaining the absence of such a counteraffidavit. In light of that ruling, the court dismissed the Contractor's alternative claims for relief with prejudice. The court further dismissed the Owners' counterclaim without prejudice and allowed them thirty days to replead.

¶ 8    On February 23, 2024, the Owners duly filed a second amended answer, affirmative defense, and counterclaim, as well as a separate motion for reconsideration of the court's order granting the Contractor's motion for summary judgment in which they argued that sworn interrogatory answers of their owner/operator Ronald Sheppard were sufficient to create a genuine issue of material fact precluding summary judgment. On August 29, 2024, the court denied the motion for reconsideration. In doing so, the court included a finding pursuant to Illinois Supreme

Court Rule 304(a) (eff. Mar. 8, 2016) that there is "no just reason for delaying enforcement or appeal or both."

¶ 9    At this point there appears to be a gap in the common law record. The next item in the record, and the last relevant item preceding this appeal, is a September 26, 2024, order that, in relevant part, denied the Owners' "Motion for Leave to File Amended Counterclaims." However, the record does not contain such a motion. Because the September 26 order is one of the orders that the Owners challenge in this appeal, the Owners have filed a motion with this court seeking to supplement the record with a copy of a motion that seems to be the missing filing, a "Motion for Leave to Amend and Replead" seeking to amend their counterclaim with new information regarding the Contractor's alleged breach of contract. They explain that they had emailed the motion directly to the chambers of the circuit court judge presiding over the case but that "an error occurred in the submission of the *** motion for e-filing" that prevented it from being filed with the clerk's office. The Contractor objects to the supplementation of the record with the alleged missing motion on the grounds that it was not formally filed and, therefore, not part of the circuit court record. The Contractor has also filed its own motion in this court seeking to supplement the record with additional documents that it alleges are related to the Owners' motion to supplement. We deny both parties' motions to supplement the record because we lack jurisdiction to review the nonfinal order denying the motion for leave to amend, making the absence of the motion from the record irrelevant.

¶ 10    "A reviewing court must ascertain its jurisdiction before proceeding in a cause of action, and this duty exists regardless of whether either party has raised the issue." *Harreld v. Butler*, 2014 IL App (2d) 131065, ¶ 11 (citing *Secura Insurance Co. v. Illinois Farmers Insurance Co.,* 232 Ill.

2d 209, 213 (2009)). "Generally, an appeal may be taken only after the circuit court has resolved all claims against all parties to a cause of action." *Ely v. Pivar*, 2018 IL App (1st) 170626, ¶ 30. When an action involves multiple claims for relief, Rule 304(a) allows for appeals of orders that dispose of one or more but fewer than all of the claims between the parties, but even then our jurisdiction is limited to final orders. *Paul H. Schwendener, Inc. v. Jupiter Electric Co., Inc.*, 358 Ill. App. 3d 65, 73 (2005). An order denying leave to amend a pleading is not a final order and is not appealable by itself. *Ely*, 2018 IL App (1st) 170626, ¶ 39. In this case, the Owners contend that we have jurisdiction to review the order denying leave to amend because the court also stated in that same order that "[t]he Order granting Summary Judgment is final and appealable pursuant to 304(a)." However, that statement was explicitly limited to the order granting summary judgment. Moreover, even if it were not, "a court's Rule 304(a) finding cannot transform a nonfinal and nonappealable judgment into [a] final and appealable one for purposes of Rule 304(a), merely by use of the operative finding." *Id.* ¶ 40. Ultimately, the order denying the Owners' request for leave to amend their second amended counterclaim is non-final and non-appealable because the counterclaim remains pending. We do not have jurisdiction to review such an order, and we, therefore, dismiss the portion of the Owners' appeal challenging that order.

¶ 11 We then turn to the Owners' appeal of the order granting summary judgment in favor of the Contractor on the Contractor's breach-of-contract claim, which we do have jurisdiction to review under Rule 304(a) based on the circuit court's finding that there was no just reason for delaying enforcement or appeal or both. "Summary judgment is proper where, when viewed in the light most favorable to the nonmoving party, the pleadings, depositions, admissions, and affidavits on file reveal that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." *Hernandez v. Alexian Brothers Health System*, 384 Ill. App. 3d 510, 518 (2008). "In order to survive a motion for summary judgment, the nonmoving party must come forward with evidentiary material that establishes a genuine issue of [material] fact." *Hotze v. Daleiden*, 229 Ill. App. 3d 301, 305 (1992). Further, the nonmovant must support their allegations with citations to counteraffidavits, depositions, or admissions on file. *Sacramento Crushing Corp. v. Correct/All Sewer, Inc.*, 318 Ill. App. 3d 571, 575 (2000) ("The suggestion that an issue of material fact exists, without supporting evidence, is insufficient to create one."). The circuit court's grant or denial of a motion for summary judgment is reviewed *de novo*. *Id.* at 519.

¶ 12    The circuit court in this case found that Taitler's affidavit was sufficient to establish that the Contractor was entitled to summary judgment on its breach-of-contract claim against the Owners. Specifically, the court observed that Taitler had averred that the parties had entered into a written contract for the Contractor to perform roofing and gutter work for the Owners for $67,665.00, the Contractor had substantially completed the work by installing new roofs and gutters, the Contractor had not received any warranty claims for incomplete, incorrect, or defective work, and the Contractor had not been paid the money it was owed. The court then found that the Owners had failed to refute those statements with any counteraffidavits or evidence of its own, despite having been given additional time to investigate and conduct discovery. Absent such refutation, the court concluded that the Contractor was entitled to summary judgment.

¶ 13    On appeal, the Owners contend that the court's ruling was erroneous for essentially two reasons: (1) denials in their verified answer and statements contained in the sworn interrogatory answers of their owner/operator Ronald Sheppard were sufficient to create genuine issues of material fact regarding the Contractor's performance under the contract, and (2) the Contractor's

motion for summary judgment contained various alleged "errors." The second argument regarding alleged errors in the Contractor's motion for summary judgment is forfeited because it was not presented below, either in the Owners' response to the Contractor's motion or in their motion for reconsideration. See *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 536 (1996) ("It is well settled that issues not raised in the trial court are deemed waived and may not be raised for the first time on appeal."); *Pepper Construction Co. v. Palmolive Tower Condominiums, LLC*, 2016 IL App (1st) 142754, ¶ 81 ("[O]ur function is to review rulings and judgments of the circuit courts and generally we will not pass on any question as to which the circuit court failed to make a decision."). While the Owners did raise the first argument in their motion for reconsideration of the order granting summary judgment, we find it meritless.

¶ 14    The Owners contend on appeal that unspecified statements in Sheppard's interrogatory answers were sufficient to create a genuine issue of material fact. However, the Owners did not reference Sheppard's interrogatory answers in their response to the Contractor's motion for summary judgment. See *Sacramento Crushing Corp.*, 318 Ill. App. 3d at 575 ("In the face of supporting affidavits from the moving party, the nonmovant must submit counteraffidavits (or refer to depositions or admissions on file) in order to raise an issue of fact sufficient to survive summary judgment."). Instead, the Owners only cited denials in their verified answer as evidence that there are genuine issues of material fact precluding summary judgment. But such denials are insufficient to create an issue of fact when the party moving for summary judgment has supported its motion with an affidavit establishing its entitlement to a judgment in its favor. See *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 158 Ill. 2d 240, 249 (1994) ("[T]he opponent cannot rely simply on his complaint or answer to raise an issue of fact when the movant has supplied facts

which, if not contradicted, entitle him to judgment as a matter of law"); *Harrison v. Hardin County Community Unit School District No. 1*, 197 Ill. 2d 466, 470 (2001) ("If the party moving for summary judgment supplies facts that, if not contradicted, would warrant judgment in its favor as a matter of law, the opponent cannot rest on his pleadings to create a genuine issue of material fact."). Indeed, "[w]here the party opposing summary judgment chooses to stand on his pleading, *** then the material facts set forth in the movant's affidavits are deemed admitted." *Doherty v. Kill*, 140 Ill. App. 3d 158, 163 (1986) (noting that this rule applies even to verified pleadings).

¶ 15    In this case, the Owners' reliance on the denials in their verified answer amounted to an admission to the statements in Taitler's affidavit that the parties entered into a contract for roofing and gutter work at the Properties, that the Contactor "performed all of the work pursuant to the terms of the contract," that none of the Owners had "complained that roof and/or gutter work was incomplete, incorrect, or defective," and that the Owners owe $67,665.00 under the terms of the contract. The statements in Taitler's affidavit were sufficient to demonstrate that the Contractor was entitled to a judgment in its favor, and the Owners' mere reliance on denials in their answer was insufficient to create a genuine issue of material fact that would preclude summary judgment. Accordingly, the circuit court did not err in granting the Contractor's motion for summary judgment on its breach-of-contract claim, and we affirm the court's entry of a judgment in the Contractor's favor on that claim.

¶ 16    Affirmed in part and dismissed in part.